### B. F. LAMKIN, RESPONDENT, *v.* E. C. STERLING, APPELLANT.

EXCEPTIONS—PRACTICE.—It is undoubtedly the general rule that when a party seeks to reverse a judgment rendered in the inferior court, he must except to the ruling of the court and assign the error in this court on appeal.

IDEM.—The exceptions to the rule that exceptions must be first taken in the court below are where a complaint is so radically defective that it discloses no cause of action and will not support a judgment; and where a judgment has been taken by default and the appellant could not except by reason of his non-appearance, and who was bound to see that the proceedings were regular and legal.

Argument for Respondent.

IDEM.—When there is sufficient in a complaint to support a judgment, notwithstanding it may be defectively stated and open to demurrer in the first instance, still if the judgment thus rendered be not excepted to, the appellant has lost his rights, and can not reverse the judgment, however patent the error.

IDEM.—There is no rule of practice governing legal proceedings more clearly defined, nor better settled, than that any objections of whatever character, whether with reference to the regularity of the proceedings on the trial of the cause, or to error of law committed by the judge in relation to a motion, or of any ruling whatever on a question of law arising during the proceedings, must be taken at once, at the time when the question arises.

IDEM.—The code has denominated the hearing and disposing of questions or issues of law, trials. When, therefore, a cause is called to dispose of any issue, whether of law or fact, it is, in contemplation of section 191, called for trial, so far at least as to require all rulings of the court which it is desired to have reviewed in an appellate court incorporated into a bill of exceptions.

APPEAL from the third judicial district, Ada county. The alternative mandate was issued, commanding the territorial treasurer, E. C. Sterling, to pay a certain warrant described in the writ, or that such treasurer show cause to the contrary on the first day of December, 1866, before the district judge at his chambers. On the return day, a motion was filed to quash the writ on the ground that "the affidavit upon which said writ was granted does not state facts sufficient to entitle the plaintiff to said writ, or to constitute a cause of action." This motion was denied, to which ruling no exception was taken. There was no other or further defense interposed. The peremptory writ was afterwards ordered to issue.

*S. P. Scaniker*, for the appellant.

*Miller & Prickett*, for the respondent:

No exception was taken by the appellant to any ruling or decision of the judge below. Objections must be taken on the trial below; they can not be taken for the first time in the appellate court. If exceptions to the rulings below be not taken at the time, they can not be urged on appeal. There is no assignment of errors on file in this case. By assignment of errors, as the term is used in this court, is meant a specification of the errors upon which the appel-

lant will rely with such fullness as to give aid to the court in the examination of the transcript. (*Squires* v. *Foorman,* 10 Cal. 298.) No exception having been taken, and there being no assignment of errors on file, this court can only look to the judgment roll and review errors apparent upon its face. (*Nelson* v. *Mitchell,* 10 Cal. 92; *McGill* v. *Rinaldi,* 11 Id. 391; *Doyle* v. *Seawell,* 12 Id. 425; *Russell* v. *Ford,* 2 Id. 86; *Mott* v. *Smith,* 16 Id. 533; *White* v. *Pratt,* 13 Id. 521.) The complaint in this case shows a good cause of action, and there being no error apparent upon the face of the judgment roll, the judgment of the judge below should be affirmed. (*Karth* v. *Orth,* 10 Cal. 192; *People* v. *Goldberg,* Id. 312; *People* v. *Cornell,* 11 Id. 70.)

McBRIDE, C. J., delivered the opinion of the court, CUMMINS, J., concurring.

This was an action of mandamus to compel defendant, Sterling, territorial treasurer, to pay territorial warrant No. 212, for one hundred and sixty-six dollars and sixty-six cents, to the defendant, who was the owner and holder. The facts alleged are that the territory was indebted to the defendant as territorial auditor; that he settled and audited said account, drew his warrant for the sum due, and that it was presented in its order for payment; that the funds applicable to the payment of the same were in the hands of defendant, and that he refused to pay the warrant; whereupon the plaintiff filed his complaint with the judge of the third judicial district, setting forth the facts and praying that a writ of mandate issue to compel the defendant to pay said warrant or show cause for his refusal. The defendant appeared by counsel before the judge at chambers and filed his motion to quash the writ, on the ground that the facts stated in the complaint were not sufficient to entitle the plaintiff to the writ, and constituted no cause of action. The record discloses a demurrer, but as no action appears to have been had upon it, and as the motion to quash is the proper mode of reaching the point made by the demurrer, we suppose that the party waived it on the hearing.

The motion to quash was denied on the hearing, and no further answer or defense being made, the writ was made peremptory. No exception was taken to the ruling on the motion, and the plaintiff having given notice of appeal, the case is before us for review. There is no assignment of errors on file, and the appellant seeks for reversal of the judgment on the ground that there are errors in the record.

The plaintiff, when this case was called, moved to dismiss the appeal on the ground that there is no assignment of errors, and that as no exception had been taken in the court below, there was nothing before this court for review.

As the practice of the court had never been fully announced on the points involved in the motion, we declined to pass upon it on the brief argument submitted, and directed the counsel to proceed with the argument on the merits, reserving the consideration of the motion for a more deliberate examination.

It is undoubtedly the general rule that when a party seeks to reverse a judgment rendered in the inferior court he must except to the ruling of the court and assign the error in this court on appeal. If a party can submit to rulings in the lower court, taking no exceptions, and afterwards go back into the record and hunt up errors and bring them into this court and avail himself of them without assignment, then there are few cases that might not be reversed. The reason for the rule is that every presumption of law is in favor of the judgment below, and that if a party does not except to a wrong ruling at the time it was made, he is deemed to have acquiesced in the decision and waived his objection. Another reason is that it should appear that the precise point adjudged below had received the attention of the court and have been passed upon adversely to the rights of the appellant.

But it is claimed that an appellant may assign errors apparent on the judgment roll without having taken his exception. We have examined the authorities in California, and they are numerous, and while there is some little conflict in the practice, the later rule, and far the better one, in our opinion, is that the court will only examine the errors ex-

cepted to and assigned. The better authorities go even so far as to say that the appellant must not only except to the ruling in the lower court, but he must specifically assign the error, or the exception will be disregarded. In practice many exceptions are noted which the party himself, on reflection, does not deem reliable, and hence he is called upon specifically to assign such as he wishes to stand upon in the appellate court.

The exceptions to the rule are that where a complaint is so radically defective that it discloses no cause of action and will not support a judgment, and where a judgment has been taken by default and the appellant could not except by reason of his non-appearance, and where the plaintiff was bound to see that the proceedings were regular and legal, then in such case the appellant may assign the error though he have taken no exception. As this judgment was not on default we need not consider that branch of the exception, and turn to the other branch to see if the case at bar comes within it.

The complaint sets up that the territory was indebted to him for services in an official capacity; that a warrant was drawn evidencing the indebtedness; that it was presented to the proper officer for payment; that he had funds applicable to its discharge, and refused to pay. Upon the face of this complaint a cause of action was shown: If the warrant was improperly drawn, if the man who drew it had no authority to do so, or if it was for a larger amount than he was entitled to, or it was deficient in any of the particulars claimed on the argument, it should have been set up either by way of special demurrer or by answer stating the defects. For illustration: A suit is brought by A. against B. to recover the amount of a promissory note, and it should appear upon the face of the complaint that the right to recover was barred by the statute of limitations. B. denies the indebtedness, and on the trial the issue is found for A. and a judgment rendered. He appeals from the judgment, and assigns for error that it appears from the face of the complaint that the action was barred by the statutes of limitation. Here, although the appellant would show an

error which if he had urged in the court below and had taken his exceptions, his right to recover the judgment would be clear; yet, having failed to avail himself of the objection there, he could not raise it in the court above. The rule is that where there is sufficient in a complaint to support a judgment, notwithstanding it may be defectively stated and be open to demurrer in the first instance, still if the judgment thus rendered be not excepted to, the appellant has lost his rights, and can not reverse the judgment, however patent the error. The rule is well stated in 16 Cal. 533, by Judge Field, and is affirmed in many others, both prior and subsequent to that case.

The order in this case will be that the appeal be dismissed and the judgment below affirmed, with costs.

CUMMINS, J., delivered the opinion of the court on the petition for a rehearing, McBRIDE, C. J., concurring.

Appellants file their petition for a rehearing of this cause, assigning several reasons therefor, the most material among which are: The only object of an exception is to bring up the record, and that in this case there was no reason for an exception; and, further, that exceptions are unauthorized by law in a case where judgment is rendered without a trial. There are several other grounds contained in the petition, but it is unnecessary to pass upon them in detail.

It was contended by appellant's counsel upon the argument that a motion made and an order of the court entered upon such motion, but which was not made during the progress of the trial of the cause, either before a jury or by the court, were parts of the record, and for that reason the ruling or decision of the court need not be excepted to or included in a bill of exceptions; that the transcript in such a case would be sufficient to call upon this court to review the action of the inferior court, even though no exceptions to the rulings of such court were taken unless they occurred during the trial of issues of fact.

While it may be true that motions and orders of judgments of the court thereon become parts of the judgment roll, yet it does not necessarily follow that this is always

sufficient upon which to assign as error in the appellate court such judgments or orders. The case of *Smith* v. *Curtis,* referred to in our former opinion, but which counsel insisted was inapplicable to the point at issue, is an authority clearly sustaining the rule we have already laid down. This case was this: One of the defendants, Curtis, after there had been a judgment by default taken against all the defendants, moved the court to quash the execution and set aside the judgment, which motion was overruled. The case was, after some other proceedings, appealed to the supreme court. And in relation to the order denying the motion referred to, the court held this language: "No exceptions having been taken to the order of the court below overruling the motion to set aside the judgment and quash the execution, the action of the court can not be reviewed here." Again, in the case of the *Rogue River Mining Co.* v. *Walker,* 1 Or. 341, the supreme court of that state say: "We do not propose to examine the merits of these proceedings of the court below, for the reason that the four errors, if errors at all, were waived; for, being acquiesced in by the defendant in the court below, and not excepted to, any supposed irregularity in these respects was waived, and can not now be taken advantage of." One of the alleged irregularities referred to by the court and assigned as error, was the order of the inferior court refusing to allow one of the defendants to file a separate answer containing matter omitted in a former answer by the other defendant, but which order was not excepted to at the time. To the same effect is the case of *Scott* v. *Cook,* 1 Or. 23; *Davis* v. *Davis,* 8 Mo. 56; *Howell* v. *Pitman,* 5 Id. 246. Thus we see that the doctrine contended for is not only not supported by authority, but is directly contradicted by it.

There is no rule of practice or principle governing legal proceedings more clearly defined or better settled than that any objections, of whatever character, whether with reference to the regularity of the proceedings on the trial of a cause, or to error of law committed by the judge in relation to a motion, or of any ruling whatever on a question of law arising during the proceedings, must be taken at

once, at the time when the question arises, in order that the adverse party may have the opportunity of remedying the defect. If this necessary precaution be omitted or neglected, the objection, notwithstanding it may have been well founded, will be deemed waived and can not afterwards be raised, either on motion for a new trial or in the appellate court. There are a few exceptions to this general rule which are enumerated in our former opinion, and therefore need not be here repeated.

It was further argued that under section 191 of our civil practice act, exceptions could not be taken except upon the trial of the cause upon its merits; that the hearing and disposing of motions and demurrers before the cause is called for trial on issues of fact, or of motions after the rendition of judgment, are not contemplated under the rule requiring exceptions to be taken at the time the order or decision is made. There may be two answers to this argument. In the first place there is nothing in the section referred to prohibiting the adoption of such a rule by an appellate court for the purpose, as before observed, of affording the adverse party an opportunity of obviating any objections, while the cause is yet in the court below.

But, secondly, the code has denominated the hearing and disposing of questions or issues of law, trials. Thus in chapter 3 of the practice act it is declared that "an issue arises when a fact or conclusion of law is maintained by the one party and controverted by the other. That there are two kinds, one of law, the other of fact." Then, after pointing out how they arise, it is provided in section 154 that issues of law shall be tried by the court, unless referred by consent as provided in section 182. At common law, by a trial was generally undertood the examination of issues of fact. (2 Bl. 256.) But under the code this definition has been extended so as to include the determination of issues of law as well. It is also well understood that issues both of law and fact must be determined by the court, either with or without the assistance of a jury or referee, as the case may require, and not by the judge, except in a few enumerated cases. If this be correct, then section 191 is

not susceptible of the construction claimed for it. But that whenever a cause is called to dispose of any issue, whether of law or fact, it is, in contemplation of that section, called for trial, so far at least as to require all rulings of the court, which it is desired to have reviewed in an appellate court, incorporated into a bill of exceptions.

While the motion made in the court below in this cause may be treated as a demurrer, so far as it raises the question of the legal sufficiency of the facts stated to entitle the relator to the writ of mandate, it is nevertheless a motion interposed for the purpose of quashing the writ. And, under the well-established principle that a party must except to the ruling or order of the court at the time it is made, to entitle him to call upon an appellate tribunal to review such ruling or order, the appellant, not having done so in the case at bar, is deemed to have waived his right now to assign the same as error. We will, therefore, only so far look into the record, as has already been said, that we may ascertain whether a *prima facie* case has been made out sufficient to support a judgment, which being the case here, such judgment of the court below can not be disturbed.

We have thus carefully examined all the material points made by the petition, and see no cause for changing our former judgment, or reason to believe that we then committed any error to the prejudice of the petitioner, but are more fully satisfied that the exposition of the law we then made is correct and ought to be adhered to.

Petition for rehearing denied.