## GEORGE GREATHOUSE, RESPONDENT, *v.* ALBERT HEED AND MARY HEED, APPELLANTS.

DEMURRER—COMPLAINT—PLEADINGS.—The objection that a complaint does not state facts sufficient to constitute a cause of action, is never waived.

TOWN-SITE—MAYOR'S DEED.—An applicant for a mayor's deed, for lots in a town-site, entered under the act of congress, must set forth in his application all the facts necessary to entitle him to such deed, as required by the territorial law.

APPEAL from the second judicial district, Ada county.

*J. Brumback*, for the appellants.

*Prickett & Hasbrouck*, for the respondent.

NOGGLE, C. J., delivered the opinion. WHITSON and HOLLISTER, JJ., concurred.

This is an action prosecuted by the plaintiff in the nature of a suit in equity to quiet the title to the premises referred to in the complaint. The plaintiff in the court below obtained a decree, he claims, that this action is prosecuted under the statute of this territory, known as an act entitled an act to provide for the disposal of land in Boise city, Ada county, Idaho territory, pursuant to the several acts

of congress in such cases made and provided, on page 29 of the sixth session laws, approved January 6, 1871.

Section 2 of said act, speaking of Boise city, enacts as follows, to wit: "The occupants of said town-site may at any time within sixty days after the time of filing such plat, and the publication of the notice aforesaid, make their respective applications for title to such portion of said town-site as is claimed by them, which applications shall be in writing, and shall set forth that such claimant is an occupant of said town-site, and of the lot or lots, block or portion claimed by him or her, and shall specify in what such occupancy consists, which shall be either actual residence thereon or some permanent improvements on some portion of the lot or block claimed, and shall particularly designate and describe such lots, blocks, and improvements; and said application shall in all cases be verified by the oath of the applicant, or by some person on his or her behalf, in the manner prescribed for the verification of pleadings in civil actions, in courts of justice in this territory; provided, that no claim shall be received, which does not conform to the requirements of this act," etc. It is particularly provided in the aforesaid act, that no claim shall be received which shall not conform to the requirements of this act.

By the sixth section of said law any party claiming a deed of the mayor of said city to any portion thereof, must first pay his fees, which, in this case, were four dollars and twenty-five cents, and then section seven of the same law requires that such applicant must pay for said lot or lots the price fixed by the law therefor to the treasurer of Boise city, who shall give such applicant a receipt therefor, specifying and describing the lands so paid for; and the mayor, on the production of said receipt and the payment of his fees as hereinbefore provided, shall execute and deliver a deed for said lands. Section 3 of the same law, among other things, provided that in case of adverse claims, upon a final decision of such adverse claims the successful claimant shall file with said mayor a certified copy of the final judgment in his favor; and said mayor shall execute and deliver a deed of conveyance accordingly.

The pleadings in this case do not show that the plaintiff at *any* time applied to the mayor in writing, verified either by his own oath or of any one on his behalf, claiming that he was an occupant of said lot, specifying in what such occupancy consists, that he has paid for said lot, and had paid the mayor's fees. We think, to entitle the plaintiff to recover, the pleadings must show that these things were done as the law requires.

There are six different errors assigned to the rulings of the district court. We will dispose of the third only, which is, " that the court erred in deciding that the complaint set forth facts sufficient to constitute a cause of action." This objection was never waived, and it is sufficient to reverse this decree. The other errors assigned need not be considered for that purpose.

Speaking of complaints, the forty-fifth section of the civil practice act provides that " if no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action." By the third assignment of errors it is claimed that the court erred in holding that the complaint stated facts sufficient to constitute a cause of action. This court is of the opinion that the facts which, by the law referred to, are made requisite, are not stated in the complaint; for this cause the district court erred in overruling the demurrer. We are of the opinion that the complaint does not state facts sufficient to constitute a cause of action, and that this cause should be reversed.

The judgment in this case, therefore, is reversed, and the cause remanded to the district court with directions to allow the plaintiff to amend his complaint if he shall see fit to do so. Reversed.