(December 31, 1892.)

## MILLER v. PINE MINING COMPANY.

[35 Am. St. Rep. 289, 31 Pac. 803.]

DEFECTIVE COMPLAINT TO CHARGE PRIVATE CORPORATION.—In a suit against a private corporation, the complaint is fatally defective, unless it contains an unequivocal averment that it is a corporation. Without this averment the complaint does not state facts sufficient to constitute a cause of action, and this defect is never waived.

(Syllabus by the court.)

APPEAL from District Court, Elmore County.

Wyman & Wyman, for Appellant.

The affidavit is no part of the undertaking. (Hayne on New Trial and Appeal, sec. 213; Rev. Stats., sec. 4810.) If

an undertaking to stay an execution has been filed, the issuance of the execution is wrongful; and hence the motion to quash was well taken, and should have been sustained. (Rev. Stats., sec. 4810.)

Cahalan & Badger, for Respondent.

The execution was properly issued, and the motion to quash the same properly dismissed, for the reason that no undertaking on appeal was filed with clerk of court, as provided by law. (Code Civ. Proc., secs. 4810, 4934; *Hastings v. Halleck,* 10 Cal. 31; *Wheelock v. Warschaner,* 34 Cal. 265, 269; *Hill v. Finnigan,* 54 Cal. 311.) The jurat must be subscribed by the officer, with his official addition. (*Ladow v. Groom,* 1 Denio, 429; *Jackson v. Stiles,* 3 Caines, 128.) An affidavit should show upon its face that it was made before some officer competent to take affidavits. (*Lane v. Morse,* 6 How. Pr. 395; *People v. Townsend,* 6 How. Pr. 178.)

MORGAN, J.—This action was commenced in the probate court of Elmore county on the thirtieth day of November, 1891. Complaint was filed on that date. On February 12, 1892, Wyman & Wyman appeared for the defendant, and demurred to plaintiff's complaint, on the ground that it did not state facts sufficient to constitute a cause of action. On February 8, 1892, defendant appeared, and moved the court to dissolve the attachment issued herein, and release the property therefrom. On the twenty-third day of February, 1892, the probate court heard both the motion to dissolve the attachment and the demurrer, and overruled both. On the twenty-sixth day of April, 1892, the cause was removed to the district court, and all further proceedings were had therein. It does not appear from the record whether the demurrer was presented to the district court or not; but, as the ground of the demurrer was that the complaint failed to state facts sufficient to constitute a cause of action, it may be taken advantage of at any stage of the action, and may even be objected to for the first time in the supreme court. An answer having been filed, the cause was tried before the court and a jury, resulting in a verdict and judgment for the plaintiff for the sum of $410, with interest and costs. From this judgment the defendant appeals to this court.

The ground of objection to the complaint is that it appears from the caption of the complaint that the defendant is not a natural person, but is a corporation. There is no allegation in the complaint that the defendant is a corporation, nor is there any statement of facts equivalent thereto. The complaint is entirely silent upon the subject. The words "a corporation," annexed to the name of the defendant in the title of the cause, is not an allegation that defendant is a corporation, but is a mere description of the person of the defendant. (See *White v. Mullins,* ante, p. 434, 31 Pac. 801, decided at the present term of this court.) In all cases where suit is brought against a private corporation, it is necessary to allege its corporate character, and the complaint is fatally defective in this respect. (Bliss on Code Pleading, secs. 246, 247; *Loup v. Railroad Co.,* 63 Cal. 99; *People v. Railroad Co.,* 83 Cal. 393, 23 Pac. 303.) This objection to the complaint is never waived. (*Greathouse v. Heed,* 1 Idaho 482; Idaho Rev. Stats., sec. 4178.) This averment was material. Where there is an entire absence of a material averment, the defect is not cured by verdict. (*Richards v. Insurance Co.,* 80 Cal. 505, 22 Pac. 939; *Morgan v. Menzies,* 60 Cal. 341; *Osborn v. Graves,* 11 Or. 526, 6 Pac. 227.) The plaintiff contends in his brief that defendant voluntarily admitted its corporate character, and refers to pages 22 and 23 of the transcript. These pages contain the cross-examination of witness Shaughnessy by plaintiff's attorney, as a part of the bill of exceptions, as follows: "Question. Of what company are you the president? Wyman: I object. It is not to any issue in the complaint. Court: He may answer. (Defendant duly excepts.) Answer. Pine Mining Company. Q. Is that a company or corporation, or both? Wyman: Object to that as not responsive to any issue raised by the pleadings, complaint, or answer; as incompetent, irrelevant and immaterial, and not the best evidence. Court: Objection overruled. (And thereupon the defendant, by its counsel, then and there duly excepted to said ruling, and now assigns said ruling as prejudicial error.) A. It is a corporation. Q. Where was that corporation organized, if you know? Wyman: I object to that as incompetent, irrelevant, and immaterial. Court: Answer. (To which ruling defendant again excepted.)" It will be noticed that all of

this evidence was introduced by the plaintiff, and admitted over the objection of defendant's attorney. The admission of this evidence was error. No allegation appearing in the complaint that defendant was a corporation, it is not responsive to the issues. It is error, also, because not the best evidence; the articles of incorporation, or a certified copy thereof, being the best evidence.

It is also claimed that defendant introduced the contract of lease between the said defendant and the said Mueller; but the record shows that this evidence was introduced by the plaintiff upon cross-examination, and over the objection of defendant. This was not proper evidence of incorporation, because of the absence of the necessary averment. For these reasons the judgment must be reversed; and it is so ordered, and the attachment dissolved. Costs awarded to appellant.

Sullivan, C. J., and Huston, J., concur.