(No. 6437.   May 29, 1937.)

STATE, Respondent, v. W. B. DOOLITTLE, Appellant.

[68 Pac. (2d) 904.]

(1)

Frank Kibler, for Appellant.

J. W. Taylor, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

AILSHIE, J.—This is a prosecution for violation of the Idaho Liquor Control Act. The defendant was convicted and sentenced to a term in the state penitentiary and has appealed from the judgment.

The first assignment of error is made against the action of the court in overruling the defendant's demurrer to the information. The charging part of the information is as follows:

"That W. B. Doolittle is accused, by this information, of the crime of violation of Chapter 103 of the 1935 Session Laws of the State of Idaho, committed as follows: The said W. B. Doolittle on or about the 11th day of February A. D. Nineteen Hundred and Thirty-six at the County of Canyon, in the State of Idaho, then and there being and prior to the filing of this information did then and there wilfully, unlawfully and feloniously solicit, take and accept an order for the purchase, sale and delivery of alcoholic liquor, in violation of the provisions of Chapter 103 of the 1935 Session Laws of the State of Idaho, and did then and there deliver and sell alcoholic liquor in violation of said law."

The grounds of the demurrer are in substance as follows:

1. That the information charges defendant with two offenses:

(a) With soliciting, taking and accepting an order for the purchase, sale and delivery of alcoholic liquors, and

(b) For selling and delivering alcoholic liquor.

2. That the information does not substantially conform to requirements of section 19–1309, I. C. A., for the reason that it does not contain a statement of the offense in such ordinary and concise language as enables defendant to understand and know the offense charged against him:

(a) That it is ambiguous and uncertain as to whether or not defendant is charged with soliciting an order or receiving or accepting an order for the sale or delivery of alcoholic liquors or whether he is charged with receiving and accepting an order and selling and delivering alcoholic liquors.

(b) That he cannot ascertain from the information how or in what manner the said alleged crime was committed, or crimes were committed, so as to prepare his defense to such charge or charges.

It is claimed by defendant that the information here in question charges him with the sale of alcoholic liquor in violation of section 3 of the Liquor Control Act, which reads as follows:

"It shall be unlawful to manufacture for sale, sell, offer or keep for sale, possess and/or transport alcoholic liquor for any purpose whatsoever, except upon the terms, conditions, limitations and restrictions as set forth herein."

It is further claimed that the information also charges the violation of section 56 of the Liquor Control Act, which reads as follows:

"Any person who shall, by himself, or his employee, servant, or agent, for himself or any person, company or corporation, keep or carry around on his person, or in a vehicle, or leave in a place for another to secure, any alcoholic liquor as herein defined, with intent to sell or dispense of the same by gift or otherwise, or who shall, within this state, in any manner, directly or indirectly, solicit, take or accept any order for the purchase, sale, shipment or delivery of such alcoholic liquors in violation of this Act, or aid in the delivery and distribution of any alcoholic liquors so ordered or shipped, or who shall in any manner procure for, or sell or give any alcoholic liquors to any minor or interdicted person, for any purpose except as authorized and permitted in this Act, shall be termed a bootlegger and upon conviction shall be sentenced to the county jail or the penitentiary, in the discretion of the court, for a period not exceeding one year. Provided, however, that no such provisions shall prevent any person from purchasing and keeping in his possession for the personal use of himself or his family or his guests, any liquors which may be lawfully purchased under the provisions of this Act."

It will be seen that section 3 declares it unlawful to sell or offer for sale any alcoholic liquor for any purpose except under and in compliance with the terms of the act. Turning to the information, we find it charges defendant as

follows: "and did then and there deliver and sell alcoholic liquor in violation of said law."

█ Section 86 of the act, which reads as follows:

"Unless other penalties are herein provided, any person who violates any provisions of this Act, or who makes a false statement concerning any material fact in submitting an application for a permit or license, shall be guilty of a misdemeanor,"

necessarily makes a violation of section 3 a misdemeanor; so that it may be seen that this information charges defendant with the commission of a misdemeanor by the "sale" of alcoholic liquor.

Again turning to the information, we find that it also charges that

"The said W. B. Doolittle on or about the 11th day of February, A. D. Nineteen Hundred and Thirty-six at the County of Canyon, in the State of Idaho, . . . . did . . . . solicit, take and accept an order for the purchase, sale and delivery of alcoholic liquor"

which, it is claimed, is a violation of section 56, *supra*. Section 56 does not, in so many words, declare its violation to be a "crime" or to be "unlawful," but it does say, "upon conviction defendant shall be sentenced to the county jail or the penitentiary, in the discretion of the court, for a period not exceeding one year." The statute leaves the question in doubt as to whether the offense consists in becoming a bootlegger or in doing any one of the things which constitute the party a bootlegger. This uncertainty is heightened by the provisions of section 67 of the act which authorizes temporary or permanent injunction against a "bootlegger" plying his avocation as a bootlegger.

It seems clear to us that, if the information here in question charges an offense at all, it charges two offenses: (a) Making a sale in violation of section 3 and (b) soliciting a sale in violation of section 56. One of the offenses charged (sale) is only a misdemeanor, while the other (soliciting) may be punished as a felony in the discretion of the judge (sec. 56) and was so adjudged in this case.

The definition of "to sell," as contained in paragraph 21 of section 4 of the act, saying it means "to solicit, or receive

an order for; to keep or expose for sale; to deliver for value or in any other way than purely gratuitously,'' etc., etc., may well be said to bring the charge contained in this information, that defendant ''did .... solicit, take and accept an order for the purchase, sale and delivery of alcoholic liquor,'' within the prohibition of section 3 and constitute the offense a misdemeanor; but it affords no reason or rule of construction by which the provisions of section 56 may be said to prohibit a ''sale'' other than to a ''minor or interdicted person.''

Another and most serious objection is urged against this information, on the ground that it fails to comply with provisions of subdivision 2, section 19–1309, in that it does not inform the defendant in ''ordinary and concise language'' of the acts constituting the offense which is attempted to be charged against him. Nowhere in this information does it name the person to whom the sale was made or the person or persons solicited for sale; nor does it contain any other appropriate language which would tend to specifically identify the particular transaction, or transactions, as to time, place or circumstance of commission, for which defendant is being prosecuted. If he is a ''bootlegger'' he presumably has more than one customer, and the general charge that he has solicited an order for the sale of intoxicating liquor would be satisfied by proof of soliciting from anyone within Canyon county. The verdict does not specify the particular transaction or person dealt with. It simply says,

''We the jury in the above entitled cause find the defendant, W. B. Doolittle, guilty of the crime of Violation of Chapter 103 of the 1935 Session Laws of the State of Idaho, as charged.''

The judgment follows the language of the information and the verdict.

■■ If defendant should again be accused of the same kind of an offense or offenses, in the same language used in this information and should plead once in jeopardy, the information, verdict and judgment would wholly fail to afford proof as to the particular offense on which he had been previously convicted. (*People v. Rukavina,* 338 Ill. 128, 170 N. E. 240.) The information, verdict and judgment in a

criminal case should be sufficiently definite, certain and specific to identify the crime on which the conviction has been had. In this kind of case the offense should be charged with some degree of particularity and definiteness, for the reason that, from the inception of the transaction until the final completion of a sale, the several steps may involve more than one offense, which appears to be true under this statute where unlawful possession is a violation of the statute; solicitation or offer to sell is a violation of the statute; unlawful delivery is a violation of the statute and the actual sale is a violation of the statute. These different acts may be carried on by the same defendant with different persons, in which case the prosecution for one offense would not be a bar to prosecution on any one or all the others. (*Albrecht v. United States,* 273 U. S. 1, 47 Sup. Ct. 250, 71 L. ed. 505; *Marco v. United States,* 26 Fed. (2d) 315; *State v. Howe,* 27 Or. 138, 44 Pac. 672.)

We have recently expressed ourselves as to the necessity for an information complying with the requirements of subd. 2 of section 19–1309, I. C. A., in *State v. McMahan,* 57 Ida. 240, 65 Pac. (2d) 156, and for that reason refrain from further discussion of the subject here. (See, also, *State v. Smith,* 25 Ida. 541, 138 Pac. 1107.) We conclude that the information in this case was defective in two particulars: First, that it purports to charge two offenses; second, that it does not substantially conform with the requirements of subdivision 2, section 19–1309, I. C. A. It will be unnecessary to consider any other errors assigned.

The judgment is reversed and the cause is remanded with direction to the trial court to sustain the demurrer to the information.

Morgan, C. J., and Holden, J., concur.

Givens, J., concurs in the conclusion.

Budge, J., dissents.