604 P.2d 1209

**Anita R. FREIBURGHAUS, Plaintiff-Appellant,**

v.

**Leland W. FREIBURGHAUS, Defendant-Respondent.**

**Leland W. FREIBURGHAUS, Plaintiff-Applicant-Respondent,**

v.

**Honorable Lloyd C. McCLINTICK, one of the Magistrates of the Third Judicial District, Canyon County, Defendant-Respondent-Appellant,**

and

**Anita R. Freiburghaus, Intervenor-Appellant.**

No. 12864.

Supreme Court of Idaho.

Jan. 15, 1980.

Bruce O. Robinson, and Randolph E. Farber, Nampa, for plaintiff-appellant.

Mark L. Clark and Frank F. Kibler, Nampa, for defendant-respondent.

## PER CURIAM.

This is an appeal from a writ of prohibition issued by the district court forbidding any further action by the magistrate's division in this divorce proceeding. Plaintiff-appellant Anita Freiburghaus (referred to as Anita R. Kellogg in the respondent's brief and in other affidavits) filed a divorce action on June 3, 1977. An order to show cause was issued and a hearing held on the order. Following the hearing, magistrate Lloyd McClintick, finding that a common law marriage existed, ordered the defendant-respondent, Leland Freiburghaus, to pay $300 per month alimony *pendente lite* and $75 interim attorney fees. The respondent failed to pay any sums ordered. The appellant sought an order holding the respondent in contempt of court. The respondent sought and received an alternative writ of prohibition from the Honorable James Doolittle, district judge. The writ ordered the magistrate to take no further action in the proceedings before him. A hearing was held on the writ and the alternative writ of prohibition was made permanent. Following the denial of a motion for reconsideration, the appellant appealed to this court.

We hold that the issuance of the writ of prohibition was in error. Therefore, we do not further discuss the contested facts as to the nature of the relationship between the parties.

The writ of prohibition tests only jurisdiction. *Allen v. Keane,* 74 Idaho 385, 387, 262 P.2d 998, 999 (1953). This court has uniformly held that before a writ of prohibition will issue to an inferior court, it must appear both that the inferior court is proceeding without or in excess of its jurisdiction and that there is no plain speedy and adequate remedy in the ordinary course of law. I.C. §§ 7–401, 402, *Smith v. Young,* 71 Idaho 31, 33, 225 P.2d 466, 468 (1950). Prohibition is primarily concerned with jurisdiction and is not available to review errors committed in the exercise of jurisdiction. *Gasper v. District Court,* 74 Idaho 388, 391, 264 P.2d 679, 680 (1953).

The attorney magistrate acted within his jurisdiction in ruling on the preliminary matters of alimony *pendente lite* and attorney fees. I.C. § 1–2210 states that the "Supreme Court by rule may specify additional categories of matters assignable to magistrates, except that the following matters may not be assigned to magistrates who are not attorneys: . . . . (d) proceedings for divorce, separate maintenance or annulment . . . ." In addition, Rule 82(c)(2) provides that "[a]dditional jurisdiction when approved by a majority of the district judges in the district may be granted attorney magistrates pursuant to I.C. § 1–2210, as follows: . . . . (C) all proceedings for divorce, separate maintenance or annulment, including orders to show cause, hearings and issuance of restraining orders . . . ."

Pursuant to the above, the Third Judicial District passed rule 6(a) which, as it existed at times pertinent, stated:

"All lawyer magistrates are hereby assigned additional jurisdiction as permitted by rule 82(c)(2) I.R.C.P. as follows:

" . . . .

"c. All proceedings for divorce, separate maintenance and annulment, in-

cluding Orders to Show Cause hearings and issuance of Restraining Orders, except trials on the merits of contested divorce, separate maintenance, and annulment actions, and except any Petitions for Modification of decrees entered in such actions . . . ."

Thus the magistrate had subject matter jurisdiction over the issues that were brought before him in the case at hand. It is not contended that there was any lack of in personam jurisdiction over the parties.

The court having jurisdiction over the matter had the power to make the alimony and attorney fee awards. I.C. § 32–704 states:

"While an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable wife to support herself or her children or to prosecute or defend the action."

█ While it might be, as argued by counsel for the respondent and found by the district court in issuing the writ of prohibi-

tion, that the magistrate erred in finding that a marriage existed, any such error would be one in the exercise of jurisdiction, but not in excess of jurisdiction. *Gasper v. District Court, supra.* Having held that the magistrate did not act in excess of his jurisdiction it is unnecessary to consider whether there was a plain, speedy, and adequate remedy at law.

Counsel for both sides have requested that we address the merits of the case. We decline to do so. We are not a trial court. This matter is better handled by the established procedures.

The judgment of the district court is reversed with instructions to quash the writ of prohibition.