826 P.2d 446

CRANE CREEK COUNTRY CLUB,
a non-profit Idaho corporation,
Petitioner–Respondent,

v.

CITY OF BOISE and Sara Baker, Brent Coles, Ronald J. Twilegar, Jay L. Webb, and Michael E. Wetherell, in their capacity as members of the Boise City Council, Respondents–Appellants.

No. 17533.

Supreme Court of Idaho.

Nov. 19, 1990.

On Rehearing Feb. 24, 1992.

Wilford H. Fawcett IV, Boise, for respondents-appellants.

Ringert, Clark, Harrington, Reid, Christenson & Kaufman, Boise, for petitioner-respondent. James G. Reid, argued.

BISTLINE, Justice.

On October 6, 1987, the Boise City Council met in regular session to discuss, among other things, the proposed annexation of the Crane Creek Country Club (Crane

Creek). At that meeting a motion to annex Crane Creek was made, seconded, and passed, and the Department of Planning and Community Development was ordered to prepare an annexation ordinance. On October 16, 1987, Crane Creek filed a petition for writ of prohibition to restrain Boise City from annexing Crane Creek. Because all of the Fourth Judicial District judges disqualified themselves, the Honorable James J. May of the Fifth Judicial District was assigned to the Fourth Judicial District to preside over the cause. Judge May reviewed the contents of the petition and entered an order granting an alternative writ of prohibition which required the city of Boise to appear before the court and show cause why the city should not be permanently and absolutely prohibited from annexing Crane Creek. Boise City immediately filed its answer. After a hearing on the matter Judge May ruled that the alternate writ would remain in effect until trial was held.

At trial the central issue was whether the ownership of the property which is now Crane Creek ever at any one time satisfied the requirements established by Idaho Code § 50–222 for purposes of annexation. Evidence concerning the chain of ownership and the subdividing and platting of the relevant property was submitted by both sides. Based on that evidence the district court made its findings of fact, conclusions of law, and order.

The court found that Crane Creek had not belonged in its entirety to a single owner until it belonged to Crane Creek. Therefore, the court concluded, the sale of a parcel of less than five acres and the subdivision and platting of land by a prior owner of part of Crane Creek, The Highlands, Inc., had no bearing on the annexability of Crane Creek. The court further found that Crane Creek itself had never sold off parcels of less than five acres, nor had it ever subdivided or platted the property. The findings and conclusions of the district court also state that Crane Creek satisfied none of the other conditions which would make the property eligible for annexation under I.C. § 50–222. Finally, the court found that Crane Creek would re-ceive no benefits from an annexation and that the proposed annexation therefore did not meet the test of reasonableness established in *Hendricks v. City of Nampa,* 93 Idaho 95, 456 P.2d 262 (1969). The district court therefore ruled that "[a]nnexation of Crane Creek by the City of Boise is precluded. The alternate Writ of Possession [sic, Prohibition] currently in place is hereby made permanent. Respondent is restrained and enjoined from further attempts to annex Crane Creek Country Club." It is from this ruling that Boise City appeals.

Unfortunately, because Crane Creek erred in its choice of remedial tools, we are unable to reach the merits in this case. As noted, Crane Creek petitioned for, and eventually was granted, a peremptory writ of prohibition. The statute which grants authority to the district courts to issue such writs is Idaho Code § 7–401:

> **7–401. Definition.**—The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person.

The decisions of this Court have consistently held that the writ of prohibition is extraordinary and is issued with caution. *State v. Leonardson,* 51 Idaho 646, 9 P.2d 1028 (1932); *see also Rust v. Stewart,* 7 Idaho 558, 64 P. 222 (1901). The Court has also held, on numerous occasions, that a writ of prohibition will only issue when the action sought to be prohibited is not within the lawful jurisdiction of the body attempting to take the action. *Id. See also Clark v. Meehl,* 98 Idaho 641, 570 P.2d 1331 (1977); *Dey v. Cunningham,* 93 Idaho 684, 471 P.2d 71 (1970). Thus, "[p]rohibition is primarily concerned with jurisdiction and is not available to review errors committed in the exercise of jurisdiction." *Freiburghaus v. Freiburghaus,* 100 Idaho 730, 731, 604 P.2d 1209, 1210 (1980); *see also Gasper v. District Court,* 74 Idaho 388, 391, 264 P.2d 679, 680 (1953); *Gropp v. Huyette,* 35 Idaho 683, 208 P. 848 (1922).

We conclude that the Boise City Council's proposed annexation was not without or in excess of the City Council's jurisdiction. The word "jurisdiction," in the context of the statute defining the writ of prohibition, pertains to the exercise of judicial or quasi judicial functions. *Stein v. Morrison,* 9 Idaho 426, 75 P. 246 (1904). While it is true that city councils on occasion act in a quasi judicial capacity, annexation is not such an occasion. Rather, annexation is a legislative act of city government accomplished by the enactment of an ordinance, Idaho Code § 50–222.[1] Hence it is not subject to prohibition. The trial court therefore erred in issuing a writ of prohibition which barred the City of Boise from annexing the Crane Creek Country Club, because the court did not have jurisdiction to do so.

The judgment of the district court is reversed. Costs to appellants; no attorneys fees on appeal.

BOYLE, J., concurs.

McDEVITT, J., concurs in the result.

BAKES, Chief Justice, concurring specially:

I concur in the Court's reversal of the district court's order which made the alternative writ of prohibition, which it had earlier issued, "permanent" and which restrained and enjoined the City of Boise "from further attempts to annex Crane Creek Country Club."

As the majority opinion correctly states, "[p]rohibition is primarily concerned with jurisdiction and is not available to review errors committed in the exercise of jurisdiction." *Ante* at 486, 826 P.2d at 447. The Court's opinion correctly points out that the City Council had jurisdiction to consider the annexation question, and therefore the proceedings in the district court should have been a judicial review of the validity of the particular action taken, not the is-

suance of a writ of prohibition to prohibit the City Council from exercising its statutory authority to annex.

However, the problem which the Court is faced with in this case arises from the fact that the appellant has not assigned as error the act of the district court in considering and granting a writ of prohibition against the city. Not having raised the issue on appeal, ordinarily this Court would not consider the issue. *Nycum v. Triangle Dairy Co.,* 109 Idaho 858, 712 P.2d 559 (1985); *Baldner v. Bennett's, Inc.,* 103 Idaho 458, 649 P.2d 1214 (1982). We would not ordinarily raise *sua sponte* the writ of prohibition issue. However, in the past we have held that where plain error or fundamental error has occurred, we will consider issues not raised on appeal. *State v. Haggard,* 94 Idaho 249, 486 P.2d 260 (1971); *State v. Cariaga,* 95 Idaho 900, 523 P.2d 32 (1974).

In this case if the district court had merely entered a judgment that the attempted annexation did not comply with the statutes, and therefore was invalid, I would not invoke the plain error doctrine. However, here the district court entered an order making the alternative writ of prohibition permanent and enjoining the City of Boise "from further attempts to annex Crane Creek Country Club." Enjoining a separate branch of government from carrying out in the future its statutorily authorized functions is a very serious matter and, as such, justifies the application of the plain error doctrine in reaching the issues which the Court's opinion does today. Accordingly, I concur that the judgment of the district court should be reversed and the court's order issuing a writ of prohibition against the City of Boise vacated. The petition for writ of prohibition was not an appropriate remedy to test the validity of the action of the City of Boise in attempting to annex the Crane Creek Country Club.

BISTLINE, J., concurs.

1. This statute describes circumstances under which a city may or may not annex. When a city determines that it desires to annex, "it shall be competent for the council by ordinance, to declare the same, by proper legal description thereof, a part of such city." I.C. § 50–222 makes it the duty of the city clerk within ten days following the effective date of the ordinance to file a certified copy of such ordinance with the auditor, treasurer, and assessor of the county in which the city is located.

BISTLINE, J., concurring specially.

Justice Johnson's dissenting views are entitled to a response, hence the following. In *Nycum v. Triangle Dairy Co.,* 109 Idaho 858, 862, 712 P.2d 559, 562 (1985), the Court stated: "With few exceptions this Court will not address issues raised for the first time on appeal. *Baldner v. Bennett's, Inc.,* 103 Idaho 458, 460, 649 P.2d 1214, 1216 (1982); *Webster v. Potlatch Forests,* 68 Idaho 1, 16, 187 P.2d 527, 536 (1947)." *Nycum* in turn relied on this language from the *Webster* case:

We direct attention to *Marysville Mercantile Co., Ltd. v. Home Insurance Co.,* 21 Idaho 377, 395, 121 P. 1026, 1033, where we held: 'This court has so often held that it will not consider or review a question presented to this court for the first time, *unless it be a question of jurisdiction,* or that the pleading does not state a cause of action, that it seems almost unnecessary to cite the decisions, but the principle is well recognized in the following authorities' (citing cases).

*Webster,* 68 Idaho at 16–17, 187 P.2d at 536 (emphasis supplied). The earlier *Marysville* case, quoted in *Webster,* relied in part on *Aram v. Edwards,* 9 Idaho 333, 337, 74 P. 961, 962 (1903), wherein it was stated "[o]bjection to the jurisdiction of the court is never waived." The *Marysville* court wrote:

This court has so often held that it will not consider or review a question presented to this court for the first time, *unless it is a question of jurisdiction,* or that the pleading does not state a cause of action, that it seems almost unnecessary to cite the decisions, but the principle is well recognized in the following authorities: *Smith v. Sterling,* 1 Ida. 126; *Aram v. Edwards,* 9 Ida. 333, 74 P. 961; *Watson v. Molden,* 10 Ida. 570, 79 P. 503; *Miller v. Donovan,* 11 Ida. 545, 83 P. 608; *Medbury v. Maloney,* 12 Ida. 634, 88 P. 81; *Steve v. Bonners Ferry Lumber Co.,* 13 Ida. [384] 392, 92 P. 363.

*Marysville Mercantile Co. v. Home Ins. Co.,* 21 Idaho 377, 395, 121 P. 1026, 1033 (1912) (emphasis added).

In the earlier case of *Miller v. Pine Mining Co.,* which was relied upon in the *Aram* case, the Court ruled:

There is no allegation in the complaint that the defendant is a corporation, nor is there any statement of facts equivalent thereto. The complaint is entirely silent upon the subject. The words 'a corporation,' annexed to the name of the defendant in the title of the cause, is not an allegation that defendant is a corporation, but is a mere description of the person of the defendant. (See *White v. Mullins,* ante [3 Idaho], p. 434, 31 Pac. 801, decided at the present term of this court.) In all cases where suit is brought against a private corporation, it is necessary to allege its corporate character, and the complaint is fatally defective in this respect. (Bliss on Code Pleading, secs. 246, 247; *Loup v. [California Southern] Railroad Co.,* 63 Cal. 99; *People v. [Central Pac.] Railroad Co.,* 83 Cal. 393, 23 Pac. 303.) This objection to the complaint is never waived. (*Greathouse v. Heed,* 1 Idaho 482; Idaho Rev.Stats., sec. 4178.)

*Miller v. Pine Mining Co.,* 3 Idaho 493, 495, 31 P. 803, 803 (1892). In *Greathouse v. Heed,* 1 Idaho 482 (1873), the Court wrote and ruled:

Speaking of complaints, the forty-fifth section of the Civil Practice Act provides that 'if no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action.' ... This court is of the opinion that the facts which, by the law referred to, are made requisite, are not stated in the complaint; for this cause the district court erred in overruling the demurrer. We are of the opinion that the complaint does not state facts sufficient to constitute a cause of action, and that this cause should be reversed.

*Greathouse,* 1 Idaho at 484.

Justice Bakes, in authoring *State v. Lopez,* 98 Idaho 581, 582, 570 P.2d 259, 260 (1976), wrote for the Court:

We hold that the complaint in the case was defective because it did not charge and describe an offense, and that prosecution under the complaint was a violation of Lopez'[s] due process rights under Art. 1, § 13, of the Idaho Constitution. Lopez'[s] conviction must be reversed for those reasons. Thus, we find it unnecessary to consider whether I.C. § 18–5613 is unconstitutionally vague and express no opinion on that question.

Following the grant of a rehearing, Justice Bakes remained of the same view:

I concur in the decision of the Court reversing this conviction. In my view, the complaint does not charge an offense, *see State v. Doolittle,* 58 Idaho 1, 68 P.2d 904 (1937), and *State v. Grady,* 89 Idaho 204, 404 P.2d 347 (1965), and therefore under Rule 12(b)(2) of the Idaho Rules of Criminal Procedure, when that defect is noticed 'at any time during the pendency of the proceedings' the complaint must be dismissed. The judgment of the district court should be reversed and the cause remanded with directions to dismiss the complaint for failure of the complaint to charge an offense.

*Lopez,* 98 Idaho at 590, 570 P.2d at 268.

In *Nab v. Hills,* 92 Idaho 877, 882, 452 P.2d 981, 986 (1969), the Court was unanimous that:

[t]his court undoubtedly has the power to raise the questions of illegality and public policy *sua sponte.* *See Stearns v. Williams,* 72 Idaho 276, 240 P.2d 833 (1952). Nevertheless our resolution of the issues on appeal, *infra,* make it unnecessary to determine the legality of a chain referral sales contract.

*Stearns* stated:

It is further urged that the trial judge arrived at a decision on the erroneous theory that Mr. Stearns was a public officer or employee, and a theory which is entirely different than the theory upon which the defendants tried the case; the court did find and conclude that there was no misrepresentation of any material fact, or any fraud or overreaching in the procurement of the contract, but conclud-ed that Stearns was a public employee and that specific performance of the contract was denied on the grounds of sound public policy.

A party to a contract, void as against public policy, cannot waive its illegality by failure to specially plead the defense or otherwise, but whenever the same is made to appear at any state of the case, it becomes the duty of a court to refuse to enforce it, *Reed v. Johnson,* 27 Wash. 42, 67 P. 381, 57 L.R.A. 404; again, a court of equity will not knowingly aid in the furtherance of an illegal transaction; in harmony with this principle, it does not concern itself as to the manner in which the illegality of a matter before it is brought to its attention, *Wright v. Corbin,* 190 Wash. 260, 67 P.2d 868. Furthermore, the court itself will raise the question of the invalidity of a contract which offends public policy and, as stated before, the parties cannot waive it, *Noonan v. Gilbert,* 63 App.D.C. 30, 68 F.2d 775; *McCowen v. Pew,* 153 Cal. 735, 96 P. 893, 21 L.R.A., N.S., 800. The court, having once acquired jurisdiction to make equitable disposition of the case, retains such jurisdiction to do equity, even though its disposition of the case will be grounded upon some theory not set forth in the pleadings, nor urged to the court, but which is supported by evidence.

*Stearns,* 72 Idaho at 289–90, 240 P.2d at 842.

This Court in a unanimous opinion written by Judge Durtschi, sitting pro tem, in *Sierra Life Ins. Co. v. Granata,* 99 Idaho 624, 586 P.2d 1068 (1978), concluded:

Furthermore, because of the serious ramifications and consequences which could follow from a court acting without jurisdiction over the subject matter, we recognized that it is important to keep that concept clearly defined. For example, the defense of lack of jurisdiction over the subject matter is never waived (I.R.C.P. 12(h)); purported judgments entered by a court without jurisdiction over the subject matter are void and as such are subject to collateral attack, and are

not entitled to recognition in other states under the full faith and credit clause of the United States Constitution (Restatement of Judgments, § 7 (1942)). In addition, judges who act without jurisdiction over the subject matter may be liable for damages in civil actions. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1871). For these reasons, it may work considerable mischief to confuse lack of jurisdiction over the subject matter with questions of venue, other aspects of jurisdiction, or defenses which may bar relief or render it improper or inappropriate for a court to proceed with a case even though it has jurisdiction over the subject matter.

*Sierra*, 99 Idaho at 626–27, 586 P.2d at 1071–72.

*Boughton v. Price*, 70 Idaho 243, 215 P.2d 286 (1950), which *Sierra* relied upon, elaborated on the definition of jurisdiction:

Such jurisdiction the court acquires by the act of its creation, and possesses inherently by its constitution; and it is not dependent upon the sufficiency of the bill or complaint, the validity of the demand set forth in the complaint, or plaintiff's right to the relief demanded, the regularity of the proceedings, or the correctness of the decision rendered.

70 Idaho at 249, 215 P.2d at 289.

*Sierra*, 99 Idaho at 629, 586 P.2d at 1073.

JOHNSON, Justice, dissenting.

I respectfully dissent from the opinion of the Court.

The City of Boise did not raise as an issue on appeal the inappropriateness of the issuance of a writ of prohibition, which is the basis of the Court's decision. Ordinarily, the failure of the appellant to raise an issue on appeal will eliminate the consideration of that issue in the appeal. *State v. Prestwich*, 116 Idaho 959, 961, 783 P.2d 298, 301 (1989). In *Prestwich* we said that this rule might be relaxed where the issue was addressed by authorities cited or arguments contained in the briefs. Here, not only did the City of Boise not list this issue as one of the issues on appeal, the city also did not address it by authorities cited or arguments contained in the briefs on appeal, or in the oral argument before this Court. Therefore, in my view, we should not address the issue.

As I see it, the issue of the inappropriateness of the issuance of the writ of prohibition involves neither a question of the trial court's jurisdiction to issue the writ, nor a question of plain or fundamental error. The trial court clearly had the jurisdiction to issue the writ, whether it should have done so or not. The plain or fundamental error, rule as this Court previously articulated, allows this Court to address an issue on appeal that was not raised or preserved in the trial court. *State v. Haggard*, 94 Idaho 249, 486 P.2d 260 (1971); *State v. Cariaga*, 95 Idaho 900, 523 P.2d 32 (1974). Here, the issue of the appropriateness of issuing a writ of prohibition was raised neither in the trial court nor before this Court on appeal. Apparently, we now have a new rule that allows this Court to search the record to discover "plain or fundamental" error not asserted on appeal.

We should address the issues presented on appeal concerning the validity of the annexation and its reasonableness.

## ON REHEARING

BISTLINE, Justice.

The parties are before the Court following the grant of a petition for rehearing. A second oral argument of the issues was heard and duly considered. The conclusion has been reached that the majority determination in 1990 Opinion No. 151, filed November 19, 1990, as stated in the opinions of Chief Justice Bakes and Justice Bistline, is soundly premised and will not be disturbed. See page 485, 826 P.2d at 446. Justice Boyle concurs in the opinion of Chief Justice Bakes, which by oversight was not reflected in the opinion which was released in November of 1990.

BAKES, C.J., and BOYLE and McDEVITT, JJ., concur.

JOHNSON, Justice, dissenting.

For the reasons stated in my dissent to the original opinion of the Court in this case, I dissent.