**Lucie Lavoie WHITE, Plaintiff,**

v.

**Steven A. MINTER et al., Defendants.**

**Civ. A. No. 71-625-G.**

United States District Court,
D. Massachusetts.

Sept. 1, 1971.

Gary S. Fentin, Springfield, Mass., for plaintiff.

Joseph A. Donoghue, Dept. of Public Welfare, Boston, Mass., for defendants.

Before ALDRICH, Circuit Judge, FORD and GARRITY, District Judges.

## MEMORANDUM OF DECISION

GARRITY, District Judge.

Plaintiff, the mother of an infant son, seeks to regain his custody from the defendant officials of the state Department of Public Welfare and its Division of Child Guardianship ("DCG") and challenges the constitutionality of the statute, Mass.G.L. c. 119, § 23, subd. E,[1] under which the defendants have been

---

1. Mass.G.L. c. 119, § 23, subd. E provides, "Any child under fourteen years who is left in any place and who is seemingly without a parent or legal guardian available shall be immediately reported to the department, which shall proceed to arrange care for such child temporarily and shall forthwith cause search to be made for parent or guardian. If parent or guardian cannot be found or is unable or refuses to make suitable provisions for the child, the department shall make such lawful provision as seems for the best interests of such child within the provisions of this chapter."

acting. Her complaint seeks preliminary and permanent injunctive and declaratory relief and this three-judge court was convened pursuant to 28 U.S.C. § 2284. Jurisdiction exists under 28 U.S.C. §§ 1343(3) and (4) and 1331 (the matter in controversy exceeding $10,-000) and 2281.

Preparatory for a hearing on the merits, the parties filed a stipulation of facts and, regarding contested factual issues, requests for findings. Shortly before the hearing, however, the parties filed a joint motion for judgment on the pleadings on the ground "that a judgment about the constitutionality of the statute at issue, Chapter 119, Section 23, subsection E, Massachusetts General Laws, will be completely decisive of and dispositive of the cause of action." Memoranda of law have also been filed.

### Findings of Fact

1. In July 1970 plaintiff and her two-year old son Joseph moved to Springfield House on Chestnut Street, Springfield, Massachusetts, where plaintiff met Miss Linda Sweeney, also a resident of Springfield House. On August 21, 1970 plaintiff was assaulted and injured and, while recuperating in bed, placed the child with Miss Sweeney. On September 1, plaintiff was asked to leave the Springfield House because of her involvement in the August 21 incident and she moved to the Oxford Hotel in Springfield leaving Joseph with Miss Sweeney. On September 11 plaintiff returned to Springfield House to get the child but found that Miss Sweeney had entered the hospital on September 9 and had left Joseph with the DCG in Springfield.

2. Plaintiff went to the DCG immediately and demanded him back, but was told that she could not see her son because she had abandoned him. She returned to the DCG on September 19 and again on September 28. On the latter occasion, plaintiff was advised to consider putting him up for adoption.

3. Defendants have never held a hearing to determine whether plaintiff "is unable * * * to make suitable provisions for [her] child" within the meaning of Mass.G.L. c. 119, § 23, subd. E. Defendants have not initiated a judicial proceeding in the probate court to get "custody of" plaintiff's child due to plaintiff's "incapacity" pursuant to Mass.G.L. c. 119, § 23, subd. C.[2]

4. When plaintiff moved to Springfield with Joseph, she was unaccompanied by his father, whose whereabouts if living are not mentioned in the complaint. On January 14, 1971 plaintiff married her present husband who allegedly supports her desire to regain custody of her son. This action was commenced on March 16, 1971.

### Conclusions of Law

It cannot be doubted that parenthood is a substantial interest of surpassing value and protected from deprivation without due process of law. Armstrong v. Manzo, 1965, 380 U.S. 545, 550, 85 S.Ct. 1187, 14 L.Ed.2d 62. Mass.G.L. c. 201, § 5, states the obvious and the natural in providing "that the parents of the minor, jointly, or the sur-

---

2. At the time of the events described, Mass.G.L. c. 119, § 23, subd. C read in pertinent part:

"The department [of Public Welfare] may seek and may accept on order of a probate court the custody of any child under twenty-one years who is without proper guardianship due to the death, unavailability or incapacity of the parent or guardian, or on the consent of the parent or parents."

Ch. 888, § 5, of the Acts of 1970 approved September 1, 1970, and by § 31 thereof made effective as of July 1, 1971, modified subsection C as follows:

"The department may seek and *shall* accept on order of a probate court the *responsibility for* any child under twenty-one years who is without proper guardianship due to the death, unavailability, incapacity or *unfitness* of the parent or guardian, or on the consent of the parent or parents." [Italicized words were added.]

The court would reach the same result in this case under either version.

viving parent shall have such custody and said care unless the court otherwise orders." In cases arising under this statute, which permits the probate court to appoint guardians of minors upon finding their parents unfit to have custody, the Supreme Judicial Court has construed the term "unfit" narrowly. Richards v. Forrest, 1932, 278 Mass. 547, 180 N.E. 508; Bottoms v. Carlz, 1941, 310 Mass. 29, 36 N.E.2d 379, and Gordon v. Gordon, 1945, 317 Mass. 471, 59 N.E. 2d 5. The statute involved in these proceedings, Mass.G.L. c. 119, § 23, subd. E, is part of a comprehensive statutory scheme for the protection and care of children. The declaration of policy in c. 119, § 1, recites a policy "to provide substitute care of children only when the family itself or the resources available to the family are unable to provide the necessary care and protection * * *." It is provided in § 2 that the chapter "shall be liberally construed to accomplish the purposes sought." Broad powers are conferred upon the Department of Public Welfare, which, under § 37, "shall make rules and regulations concerning the administration of its duties."

Plaintiff attacks the constitutionality of § 23, subd. E for its failure to specify prompt procedures pursuant to which determinations of a parent's ability to provide would be made. Plaintiff relies on cases such as Goldberg v. Kelly, 1970, 397 U.S. 254, 262, 90 S.Ct. 1011, 25 L. Ed.2d 287, and Sniadach v. Family Finance Corporation of Bay View, 1969, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349, interpreting the due process clause of the Fourteenth Amendment as requiring a hearing prior to the deprivation of a fundamental right of life. Defendants take the position that a fair construction of the statute, made in the context of the overall statutory scheme, requires

the DCG to act with reasonable speed in making such lawful provision as seems in the child's best interests and envisions administrative as well as judicial proceedings.

■ Although the parties have stipulated that a determination of the constitutionality of Mass.G.L. c. 119, § 23, subd. E, shall be dispositive of the action, the court is not obliged to reach the broad constitutional issue. The court has determined that, regardless of any saving construction which might be placed upon the statute, § 23, subd. E has been unconstitutionally applied by the defendants in this case and plaintiff's rights to due process of law have been violated by defendants' course of conduct.[3] Defendants found plaintiff, in the sense that she went to the DCG in Springfield and demanded the return of her son, two days after receiving the child. Over six months elapsed before the filing of the complaint herein without plaintiff ever having been afforded an opportunity to appear before any tribunal, whether administrative or judicial, to contest a decision presumably made by a case worker and her supervisor that plaintiff is unable to make suitable provisions for the child. There has been no suggestion in defendants' brief or requested findings or at oral argument that extraordinary circumstances exist in plaintiff's case warranting so protracted an investigation or delay.

■ Moreover, the court is constrained by principles of abstention, Fornaris v. Ridge Tool Co., 1970, 400 U. S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174, Reetz v. Bozanich, 1970, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68, from accepting the parties' invitation to rule upon the constitutionality *per se* of Mass.G.L. c.

---

3. It seems reasonable for this court to assume that defendants' conduct in this case is atypical since it conflicts with every implication and spirit of the provisions of chapter 119, which clearly contemplates the expeditious handling of disputes about the custody of minors and recognizes the rights of parents as well as those of children.

119, § 23, subd. E. Such a ruling is not necessary to a decision in this case. The question of the constitutionality of the statute has not as yet been presented to the courts of the Commonwealth of Massachusetts, which may interpret it as requiring action by officials of the DCG within time limits which would meet the mandates of due process. Cf. United States v. 37 Photographs, 1971, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822, wherein the Supreme Court construed 19 U.S.C. § 1305(a), which contains no specific deadlines, as reasonably requiring administrative and judicial action within time limits that would meet constitutional demands.

■ Finally, we reject defendants' argument that plaintiff has an adequate remedy at law under Mass.G.L. c. 248, §§ 35–38, in the nature of habeas corpus. In such a proceeding the burden of proof would be upon the plaintiff. In proceedings under c. 119 the burden of proof rests upon the DCG and this difference is of constitutional dimensions. See Armstrong v. Manzo, *supra*.

Accordingly, judgment will be entered declaring that Mass.G.L. c. 119, § 23, subd. E, has been applied unconstitutionally to the plaintiff in violation of her rights under the Fourteenth Amendment to the Constitution of the United States. Because of the paramount interest of the infant's welfare, the court will not order that the child Joseph be returned immediately to the plaintiff. It does, however, order that the defendants either return the child to the plaintiff or bring the matter before the Probate Court and that the judgment to be entered herein contain an injunction enjoining the defendants from retaining custody of plaintiff's son Joseph for more than one week, unless within that time the defendants seek an order of a probate court pursuant to the provisions of Mass.G.L. c. 119, § 23, subd. C.[4]

---

4. The time has long since passed when a remedy in the nature of an administrative hearing might be adequate.