Eva M. McCLELLAN et al.

v.

COMMERCIAL CREDIT CORP. et al.

Berta PHILLIPS et al.

v.

ROYAL FUELS, INC., et al.

Civ. A. Nos. 4399, 4423.

United States District Court,
D. Rhode Island.

July 3, 1972.

Cary J. Coen, Joseph F. Dugan, John M. Roney, Rhode Island Legal Services, Inc., Providence, R. I., for plaintiffs McClellan and others.

Maxwell W. Waldman, W. Slater Allen, Jr., Asst. Atty. Gen., Staet of R. I., Providence, R. I., for defendants Commercial Credit and others.

Richard W. Zacks, Providence, R. I., amicus curiae for Commercial Law League of America.

John M. Roney, Peter W. Thoms, Rhode Island Legal Services, Inc., Providence, R. I., for plaintiffs Phillips and others.

Martin P. Slepkow, East Providence, R. I., W. Slater Allen, Jr., Asst. Atty. Gen., State of R. I., Providence, R. I., for defendants Royal Fuels and others.

Before McENTEE, Circuit Judge, PETTINE, and DAY, District Judges.

## OPINION

PETTINE, District Judge.

This is a suit for declaratory and injunctive relief and damages pursuant to 42 U.S.C. § 1983 attacking the constitutional validity of Rhode Island statutes authorizing pre-judgment attachment,

Title 10, Chapter 5, R.I.G.L. Jurisdiction is based on 28 U.S.C. § 1331 and § 1343(3). A three-judge Court was convened pursuant to 28 U.S.C. § 2281 and § 2284.

Plaintiff Eva McClellan and her five minor children have been supported by Aid to Dependent Children supplemented by Mrs. McClellan's earnings from a part-time job as a night switchboard operator at a local hospital. Mrs. McClellan has been crippled since childhood and so depends upon her car to get to and from work, to get food and other necessities, and for transportation for distances over half a block. In 1967 Mrs. McClellan purchased some furniture, paid for by a large down payment and monthly payments. This furniture contract was transferred to defendant Commercial Credit Corporation. Dissatisfied with the quality, workmanship, and durability of this furniture, plaintiff refused to make further payments and demanded that the furniture be taken back. Two years after plaintiff stopped payments on the furniture, agents of defendant Commercial Credit filled out form writs of attachment on plaintiff's automobile. These form writs of attachment were purchased in bulk from the Clerk of the State District Court. The writ was delivered to a constable by defendant's agents. Pursuant to the writ of attachment, a constable took possession of plaintiff's automobile, hoisting it by a tow truck from plaintiff's home. The constable then served plaintiff with a complaint, a summons, and a writ of attachment.

Plaintiff Berta Phillips is totally supported by public assistance and depends upon her car for emergency transportation for two chronically ill children and to take her children to school, and to shop for food and other necessities. Defendant Royal Fuels in September, 1970, ordered its attorney to take steps to collect an overdue fuel bill for $132.87 from Berta Phillips. A summons, complaint, and writ of attachment were prepared. Pursuant to the writ of attach-ment, a constable, finding plaintiff's car unlocked in her driveway, served the summons, complaint, and writ on plaintiff and asked plaintiff to turn over the keys to the car to him. When she refused he explained he would take the car unless a settlement could be reached. No settlement was reached because the attorney for Royal Fuels could not be found. The car was taken by the constable.

The Rhode Island attachment statutes do not require judicial notice or judicial hearing prior to issuance of the writ or seizure of the property of the defendant. A potential plaintiff wishing to attach the property of a potential defendant need only have his attorney fill out a form writ which is available to attorneys in bulk with the clerk's signature pre-stamped thereon; execute an affidavit; and deliver them with a summons and a complaint to a sheriff or constable for service. § 10–5–2, R.I.G.L. The attachment procedure can be accomplished before copies of the summons, complaint and writ of attachment are filed with a Rhode Island court. Writs of attachment are issued without prior judicial notice and hearing. Summons, complaint, and writ are frequently served simultaneously on the defendant.

■ Conceding that these procedures are unconstitutional under the recent ruling in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), defendants ask this Court to abstain for ninety days to allow a rule making committee of the state judiciary to adopt rules reflecting the requirements of *Fuentes* because "Waiting for the General Assembly will create confusion and intolerable hiatus." The motion is denied. Plaintiffs have a right to a judgment.

■ It is patent that the pre-judgment attachment procedures employed in Rhode Island pursuant to Title 10, Chapter 5, R.I.G.L. are unconstitutional. Fuentes v. Shevin, *supra*; Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L. Ed.2d 287 (1970); Sniadach v. Family

Finance Corporation, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

This Court declares that the Rhode Island pre-judgment attachment procedure pursuant to R.I.G.L. § 10–5–1, et seq., is unconstitutional and enjoins the attachments at issue of the two named plaintiffs. The issue of damages is remanded to Judge Pettine for finding and ruling. Plaintiffs shall prepare an order accordingly.