**SPIELMAN–FOND, INC., a California corporation, et al., Plaintiffs,**

v.

**HANSON'S, INC., an Arizona corporation, et al., Defendants.**

**Civ. No. 72–417 Phx WEC.**

United States District Court,
D. Arizona.

Sept. 12, 1973.

As Amended Dec. 17, 1973.

John C. Hover, Phoenix, Ariz., for plaintiffs.

Jennings, Strouss & Salmon, Phoenix, Ariz., for Hanson's Inc., Hanson's Waterworks Supply Co. of Ariz., Hanson's Pipe & Supply Co., and Yanke Plumbing & Heating.

William J. Carter, III, Phoenix, Ariz., for Wilson D. Palmer, Paul Marston & John Mummert.

Gary K. Nelson, Atty. Gen., State of Arizona, Phoenix, Ariz., for defendants.

Before WALLACE, Circuit Judge, and CRAIG and MUECKE, District Judges.

## OPINION AND JUDGMENT

PER CURIAM.

The sole issue presented in this action is whether the Arizona statutes relating to mechanics' and materialmen's liens, A.R.S. § 33–981 et seq., are in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States.

Defendants Yanke and Hanson's companies furnished labor and materials to plaintiffs in connection with the development of plaintiffs' mobile home park. Claiming that they had been unpaid for labor performed and for materials supplied, these defendants caused liens affecting plaintiffs' property to be recorded with the Maricopa County Recorder pursuant to the Arizona mechanics' and materialmen's lien statutes. Plaintiffs remain in the continuous and uninterrupted physical possession of the property against which the liens have been filed.

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983. Jurisdiction is invoked under 28 U.S.C. § 1343, as well as under 28 U.S.C. § 1332, because of diversity of citizenship of the parties. Plaintiffs seek a declaration that A.R.S. § 33–981 et seq., are unconstitutional, and that defendants be enjoined from enforcement of those statutes. A Three-Judge Court was convened pursuant to 28 U.S.C. §§ 2281 and 2284.

Plaintiffs argue that property is, in effect, a bundle of rights. Among these

is the right to alienate property freely. A lien may be filed and recorded by a claimant without the need of prior notice or hearing to the property owner. The effect of the lien, plaintiffs assert, is to cut off the right to alienate freely. As a result, it is argued, a significant property interest has been taken from the owner, and since this is done without the benefit of prior notice or hearing, the perfection of a lien under the statutes violates due process of law as enunciated by the United States Supreme Court in Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) and Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

*Sniadach, supra,* held that a Wisconsin prejudgment wage garnishment statute which did not provide for prior notice and hearing to the garnishee was unconstitutional. *Goldberg, supra,* declared that welfare benefits may not be a right, but they are still an entitlement which cannot be taken from the recipient without prior notice and hearing. *Boddie, supra,* held that, given the nature of the state's monopoly on the dissolution of a marriage, state procedures requiring the payment of court fees and costs in divorce actions effectively barred indigents from access to the courts, and thus violated due process. The proposition upon which plaintiffs rely in *Boddie* is the statement by the Court, 401 U.S. at 378–379, 91 S.Ct. at 786:

> "That the hearing required by due process is subject to waiver, and is not fixed in form does not affect its root requirement that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest, except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until

after the event." (Emphasis in original; footnotes omitted.)

*Fuentes, supra,* held that Florida and Pennsylvania prejudgment replevin statutes were invalid under the Fourteenth Amendment since they work a deprivation of property without due process by denying the right to a prior opportunity to be heard before chattels are taken from the possessor. The issue decided in *Fuentes* was whether procedural due process required an opportunity for a hearing before the state authorizes its agents to seize property in the possession of a person upon the application of another. 407 U.S. at 80, 92 S.Ct. 1983.

Both *Fuentes* and *Sniadach* involved a private dispute between private parties in which the state, through some mechanism such as a garnishment or replevin statute, stepped in to aid one side to the dispute. The *Fuentes* court found this objectionable because the party invoking the state's power could be misguided and incorrect in its claim. Thus, without some sort of prior hearing, the other party might be wrongfully deprived of a right or an entitlement.

There are several similarities between the *Fuentes* and *Snidach* cases, and the instant case. Here, as there, we have a private dispute between private parties. We have the presence of some sort of mechanism added by the state, *viz.* a lien, to aid one party to the dispute. The mechanism here can be effected upon the application of one side to the dispute without giving the other party prior notice or hearing. The party invoking the state mechanism may be acting in good faith, but may be incorrect as to the validity of its claim.

The similarities end there. In *Sniadach* there was an actual taking of wages from the party. The effect of the Wisconsin garnishment statute was to freeze the wages in the employer. Thus, funds to which the employee was entitled were kept from him. He was deprived of the actual possession and use of his wages. In *Goldberg* the ter-

mination of welfare benefits denied possession and use of the funds to the recipient. In *Fuentes* the chattels seized were physically taken from the parties. The instant case, by contrast, presents no actual taking of possession of any kind from plaintiffs. Indeed, the stipulated facts demonstrate that plaintiffs remain in continued possession of their land and continue to rent mobile home spaces to the tenants who are unaware of the lien claims. Thus, plaintiffs here have not been deprived of possession or use of their property as were the cases in *Snidach, Goldberg* and *Fuentes*.

Plaintiffs rely on McClellan v. Commercial Credit Corp., 350 F.Supp. 1013 (D.R.I.1972), aff'd 409 U.S. 1120, 93 S. Ct. 935, 35 L.Ed.2d 253 (1973). There a Three-Judge Court held the Rhode Island attachment statutes unconstitutional, relying on *Snidach, Goldberg* and *Fuentes*. The case is inapposite because there, unlike here, property, viz. automobiles, was taken from the physical possession of the plaintiffs.

For the same reason, plaintiffs' reliance on a long series of cases is misplaced because they all involved an actual taking or deprivation of property, rights or entitlements. Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L. Ed.2d 551 (1972) (unwed father's right to association with his children); Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) (driver's license); Adams v. Egley, 338 F.Supp. 614 (S.D. Cal.1972) (goods); Tindall v. Hardin, 337 F.Supp. 563 (W.D.Pa.1972) (food stamps); White v. Minter, 330 F.Supp. 1194 (D.Mass.1971) (mother's association with children pending determination of her fitness); Davis v. Weir, 328 F.Supp. 317 (N.D.Ga.1971) (water); Crow v. California Dept. of Human Resources, 325 F.Supp. 1314 (N.D.Cal. 1970) (employment compensation benefits); Desmond v. Hatchey, 315 F.Supp. 328 (D.Me.1970) (freedom from incarceration for failure to pay a debt); Golliday v. Robinson, 305 F.Supp. 1224 (N. D.Ill.1969) (welfare benefits).

Plaintiffs claim that there has been in effect a taking here. A lien, it is argued, clouds title and can in many situations amount to an absolute prohibition on the right to alienate property. Thus, by taking away the right to alienate property freely, the lien statutes have taken away a significant property interest. Plaintiffs cite Shelley v. Kramer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1947); Buchanan v. Warley, 245 U.S. 60, 38 S.Ct. 16, 62 L.Ed. 149 (1917), and Kass v. Lewin, 104 So.2d 572 (Fla.1958), as authority for their argument that the right to alienate property is a right which cannot be infringed. Those cases did, indeed, reaffirm the importance of the right to alienate property. But all the cases involved direct and total prohibitions on the right to alienate. The prohibitions involved were such that, even if a seller could find a willing buyer, the statutory or contractual prohibitions involved prevented consummation of the transaction. That is a different situation from the case at bar. Here, a lien is filed against the property and clouds title. It cannot be denied that the effect of such lien may make it difficult to alienate the property. If the plaintiffs can find a willing buyer, however, there is nothing in the statutes or the liens which prohibits the consummation of the transaction. Even though a willing buyer may be more difficult to find, once he is found there is nothing to prevent plaintiffs from making the sale to him. The liens do nothing more than impinge upon economic interests of the property owner. The right to alienate has not been harmed, and the difficulties which the lien creates may be ameliorated through the use of bonding or title insurance.

We conclude, therefore, that the filing of a mechanics' and materialmen's lien does not amount to a taking of a significant property interest, and that, accordingly, A.R.S. § 33–981 et seq. are not violative of due process of law under the Fourteenth Amendment for failing to

provide for notice and hearing prior to the filing of the lien.

Wherefore, it is ordered, adjudged and decreed that plaintiffs take nothing by their complaint, and that defendants have and recover their costs herein expended.

## AMENDMENT TO OPINION AND JUDGMENT AND DIRECTION FOR ENTRY OF FINAL JUDGMENT

The court having reviewed the file in this matter, including plaintiffs' motion to amend the judgment because of clerical mistake, which motion is supported by the stipulation of the parties, finds;

Through clerical mistake, the opinion and judgment of the Court dated July 13, 1973, and entered with the Clerk of the Court on September 12, 1973, disposes of the entire proceedings whereas it was only intended to dispose of count one of the complaint in this action, the remaining counts of the complaint and the counterclaims to be tried at a later time, and;

That the opinion and judgment should be amended to deal only with count one of the complaint, and;

That Rule 54(b) determinations and directions should be made so that an appeal may be taken from the amended opinion and judgment.

Now, therefore, it is ordered, adjudged and decreed that plaintiffs' motion to amend the judgment is granted and the opinion and judgment dated July 13, 1973, and entered by this court as a judgment on September 12, 1973, be and the same is hereby amended so that the concluding paragraph thereof reads as follows:

"WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that plaintiffs take nothing by virtue of Count One of their complaint, the remaining counts of the complaint and the counterclaims to abide further action of the District Court before a single judge;

It is further expressly determined that there is no just reason for delay in the entry of this opinion and judgment as a final judgment of the court and the clerk is expressly directed that this opinion and judgment be entered as a final judgment of this court."