JUNG SUK KO, HUNG CHAN CHOI, SANG CHUN PARK, CHANG JUN YANG, HAK HYON KIM, KYUN JAE YI, TAE BOK KANG, KI SOO PARK, NAE HUN PARK, CHU HYUN OM, DONG HO YOON, HYUN KO SU, SUNG BAE YI and DUCK KI HONG, Plaintiffs

v.

GUAM OMI CO., LTD., a Guam Corporation, Defendant

Civil Nos. 47-75, 48-75, 49-75, 50-75, 51-75, 52-75, 53-75, 54-75, 55-75, 56-75, 57-75, 58-75, 59-75 and 71-75

Superior Court of Guam

June 19, 1975

ABBATE, *Judge*

## DECISION

The court while deliberating on the above-entitled action took into serious consideration the decision of *Dillingham Corporation of the Pacific v. Agana Bay Development Company (Hong Kong), Ltd.*, (Sup. Ct. Guam, c.c., No. 159-74, 1974). The court noted that the authorities upon which that court rested its decision were primarily the cases of *Gunther v. Merchant's Warren National Bank*, 360 F.Supp. 1085 (D. Me. 1973); *Bank of Hawaii v. Emerson*, District Court of Guam, Case 99-72 (1973); and *Flaherty Electric Co. v. Modular Structures Inc.*, District Court of Guam, Case 204-72 (1973). However, the court also noted that these decisions were constitutionally framed in the context of attachment statutes (Maine's & Guam's). In those instances the essential legal question before the courts

283

was whether the absolute prohibitions against alienation of real property inherent in their respective attachment statutes constitute a sufficient "taking" as to bring this question within the purview of the U.S. Supreme Court decisions of 1) *Fuentes v. Shevin*, 407 U.S. 67 (1972) and 2) *Sniadach v. Family Finance Corp.*, 395 U.S. 337 (1969), thereby requiring that the full panoply of procedural due process protections become applicable. All of these decisions ruled that these absolute alienation statutes did constitute such "takings". An example of such a statute would be that of Guam's Civil Procedure Code Sections 537–61. Section 548 indicates the absoluteness of the restriction on alienation which attachment engenders. This section prohibits the sale or transfer of any interest in the real estate in question except under the supervision of the court and, further, any proceeds obtained thereby must be deposited with same.

It must be noted that at the time that *Dillingham* was decided, the above authorities were all that were available for consideration. However, subsequent to that decision, two Federal District Courts and one state supreme court have examined the precise issue of the constitutionality of mechanic liens. The primary focus of these decisions has been that of analyzing the degree of "taking" involved in a mechanics lien statute and a determination of whether such is sufficient to warrant the application of the 14th Amendment's procedural due process protections. The Federal District Court decision in *Cook v. Carlson*, 364 F.Supp. 24 (D.S.D. 1973) analyzed the South Dakota mechanics lien statute. The Arizona mechanics lien statute was evaluated in *Spielman-Ford v. Hanson Inc.*, 379 F.Supp. 997 (D. Arizona 1974); and the California mechanics lien statute was analyzed by that Supreme Court in *Connolly Development Inc. v. Superior Court*, 41 C.A.3d 543 (1974). All of these courts uniformly held that the

relative limitation on the alienation of realty via the application of their respective mechanics lien statutes is "de minimis" inasmuch as it does not prevent the alienation of realty but merely makes same more onerous. An examination of the Guam statute reveals it to be of this nature inasmuch as its effect is to merely make the lienor's claim superior to any subsequent interest taken in the property to which it applies. Therefore, any subsequent purchasers of that realty would merely take same subject to the payment of the outstanding lien. Therefore, it may be concluded that the Guam mechanics lien statute constitutes such a de minimis taking of property as not to fall within the 14th Amendment's definition of "taking" and therefore is not constitutionally defective.

Submit order.