**In the Matter of NORTHWEST HOMES OF CHEHALIS, INC., a Washington Corporation, Debtor.**

**Thomas HANSEN, Receiver-Appellee,**

v.

**WEYERHAEUSER COMPANY, Creditor-Appellant.**

No. 73–2976.

United States Court of Appeals, Ninth Circuit.

Nov. 18, 1975.
Certiorari Denied March 29, 1976.
See 96 S.Ct. 1501.

Helmut Wallenfels, Tacoma, Wash., for creditor-appellant.

Charles R. Ekberg, Lane, Powell, Moss & Miller, Seattle, Wash., for receiver-appellee.

OPINION

Before KOELSCH and DUNIWAY, Circuit Judges, and MURPHY,* District Judge.

MURPHY, Senior District Judge:

The issue on this appeal is whether the Washington attachment statute (RCW 7.12 *et seq.*) is unconstitutional within the meaning of the due process clause of the Fourteenth Amendment. The parties stipulated all the facts as follows. That Weyerhaeuser sued Northwest Homes of Chehalis, Inc. for goods sold and delivered. After an answer was filed denying the debt, Weyerhaeuser secured a writ of attachment commanding the sheriff of Lewis County to attach all of the defendant's property in the county as security for any judgment it might recover. The defendant was given no prior notice of the issuance of the writ, nor was there any judicial hearing on whether the writ should issue. The Washington attachment statute (RCW 7.12) does not require notice or hearing. The sheriff executed the writ by recording his "Notice of Attachment of Real Property" and a copy of the afore-

---

* The Honorable Thomas F. Murphy, Senior United States District Judge for the Southern District of New York, sitting by designation.

said writ of attachment in the Lewis County Auditor's Office pursuant to RCW 7.12.130(1). No property other than the real estate was attached. At no time did the issuance of the execution of the writ of attachment deprive the defendant of the ownership or the actual use or physical possession of the "attached property."

On December 15, 1971, more than four months after the attachment issued, the defendant instituted proceedings under Chapter XI of the Bankruptcy Act, and the District Court ordered all lawsuits against the debtor stayed, including that of Weyerhaeuser. A receiver was appointed on January 26, 1972 and he took possession of the real property in question. In the bankruptcy proceedings the debtor admitted that it was indebted to Weyerhaeuser for goods sold and delivered in the amount of $65,166.57. Since the recording of the notice of attachment, the attachment lien had been an encumbrance on the debtor's title to the real estate involved.

The receiver applied to the referee for an order invalidating Weyerhaeuser's lien. The referee held the Washington statute unconstitutional and granted the receiver's motion. On Weyerhaeuser's appeal to the District Court, the referee's decision was affirmed.

We reverse on the authority of the summary affirmance by the Supreme Court of the decision of the three-judge district court in *Spielman-Fond, Inc. v. Hanson's, Inc.,* 379 F.Supp. 997 (D.Ariz. 1973), *aff'd* 417 U.S. 901, 94 S.Ct. 2596, 41 L.Ed.2d 208 (1974). In *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), the Court has made it clear that a summary affirmance of a case within its appellate jurisdiction is a decision on the merits and is binding on the inferior federal courts until the Court tells them that it is not (422 U.S. 344, 95 S.Ct. 2281).

*Spielman-Fond* is closely in point. There, the court held that the filing of a mechanics' and materialmen's lien against real property is not such a sig-

nificant taking of a property interest that prior notice and an opportunity to challenge the lien in a prior hearing are required by the due process clause of the Fourteenth Amendment. It reasoned that the debtor is not deprived of the use and possession of the property, nor is he prevented from selling that property, although the lien may make selling more difficult. "The liens do nothing more than impinge upon economic interests of the property owner." 379 F.Supp. at 999. In the case at bar, the only impact of Weyerhaeuser's notice of attachment on Northwest Homes' real property is exactly the same as the effect of the notice of lien in *Spielman-Fond.* In this case, as in that case, there was no substantial taking of property, and, accordingly, RCW 7.12 *et seq.* as applied in this case is not violative of due process of law under the Fourteenth Amendment or the Washington State Constitution.

Other decisions of the Supreme Court point toward the same result. In *Mitchell v. W. T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), the Supreme Court, referring to *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), and *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), upon which appellee relies, said:

> " * * * they merely stand for the proposition that a hearing must be had before one is finally deprived of his property and do not deal at all with the need for a pretermination hearing where a full and immediate post-termination hearing is provided. The usual rule has been '[w]here only property rights are involved, mere postponement of the judicial enquiry is not a denial of due process, if the opportunity given for ultimate judicial determination of liability is adequate.' " 416 U.S. at 611, 94 S.Ct. at 1902.

Since the Louisiana sequestration statute in *Mitchell* entitled the debtor to an immediate hearing at which the creditor had the burden of justifying the issuance of the writ, the Court concluded that the

challenged procedure comported with due process.

Washington also provides for an early hearing at which the creditor is required to demonstrate that the writ was properly and regularly issued. See, RCW 7.12.-270. *Cf., North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 607, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975).

Reversed.