## CIRCUIT COURT OF BOTETOURT COUNTY

Home Lumber Corp. et al.

v.

Karim & Meador, Inc., et al.

June 4, 1976

Case Nos. (Chancery) 1740, 1741, 1745,
1746, 1747, 1770, 1771, and 1772

By Judge Roscoe B. Stephenson, Jr.

The issue to be decided is whether the Virginia Mechanic's Lien Statute (Va. Code § 43–1 *et seq.*) violates the due process clauses of the state and/or federal constitution. This constitutional attack is raised by the demurrer of First Mortgage Corporation (First Mortgage), a defendant.

First Mortgage relies, in the main, upon four cases decided by the United States Supreme Court, each of which dealt with statutory prejudgment creditor liens. In the order they were decided, those cases are: *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S. Ct. 1820, 23 L. Ed. 2d 349 (1969) (garnishment of wages); *Fuentes v. Shevin*, 407 U.S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972) (replevin of personalty); *Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 94 S. Ct. 1895, 40 L. Ed. 2d 406 (1974) (sequestration of personalty pursuant to vendor's lien); and *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 95 S. Ct. 719, 42 L. Ed. 2d 751 (1975) (garnishment of bank account).

Liens in favor of persons performing work on or furnishing materials to real property are creatures of statute and were unknown to the Common Law. The Virginia statute, in one form or another, has existed for more than one hundred years. The General Assembly, by enacting this law, afforded artisans performing work on buildings

*with* a preferred creditors' lien, thereby insuring payment to them for the fruits of their labors.

The present Virginia statute provides for a lien in favor of persons performing labor or furnishing materials for the construction, removal, repair or improvement of any structure permanently annexed to the freehold, if "perfected" by filing in the appropriate Clerk's Office within sixty days from the time the structure is completed a verified memorandum setting forth the names of the owner and claimant, the amount and consideration of his claim, the time when the debt is due and payable, a statement of his intention to claim the lien, and a brief description of the property. Va. Code §§ 43–3, 43–4.

The clerk records and indexes the memorandum. No notice thereof is served upon the owner, insofar as the general contractor is concerned.

In order to enforce the lien, a chancery suit must be filed by the claimant within six months after the lien was perfected. A verified itemized statement of the claimant's account must accompany the bill of complaint. Va. Code §§ 43–22, 43–17.

In 1975 the General Assembly enacted Va. Code § 43–17.1,[1] which affords to a party "having an interest in real property against which a lien has been filed" the opportunity to be heard as to the validity of the lien, and "if the court finds that the lien is invalid, it shall forthwith order that the memorandum or notice of lien be removed from record."

First Mortgage contends that the Virginia statute operates so as to deprive persons of property without due process of law in contravention of both the Fourteenth Amendment to the Federal Constitution and Article I, Section 11, of the Constitution of Virginia. For all practical purposes, the language of the two constitutions is identical.

There are two basic questions to be resolved. First, does the filing of a memorandum of mechanic's lien operate to *deprive* the owner of

---

[1] Section 43–17.1. *Hearing on validity of lien.* Any party, having an interest in real property against which a lien has been filed, may, upon a showing of good cause, petition the court of equity having jurisdiction wherein the building, structure, other property, or railroad is located to hold a hearing to determine the validity of any perfected lien on the property. After reasonable notice to the lien, claimant and any party to whom the benefit of the lien would inure and who has given notice as provided in § 43–18 of the Code of Virginia, the court shall hold a hearing and determine the validity of the lien. If the court finds that the lien is invalid, it shall forthwith order that the memorandum or notice of lien be removed from record.

his property? Second, if so, has the owner been denied constitutional "due process"?

*Sniadach v. Family Finance Corp., supra*, 395 U.S. 377, 89 S. Ct. 1820, 23 L. Ed. 2d 349 (1969), dealt with the deprivation of wages resulting from a garnishment. Clearly in that case, the owner-debtor was being deprived of the *use* and *possession* of his money. Similarly, *North Georgia Finishing, Inc. v. Di-Chem, Inc., supra*, 419 U.S. 601, 95 S. Ct. 719, 42 L. Ed. 2d 751 (1975), involved a garnishment of a bank account, a deprivation of *use* and *possession*.

*Fuentes v. Shevin, supra*, 407 U.S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972), and *Mitchell v. W. T. Grant Co., supra*, 416 U.S. 609, 94 S. Ct. 1895, 40 L. Ed. 2d 406 (1974), involved the deprivation of a *possessory* interest in personal property.

Unlike these four cases, an owner-debtor under Virginia's Mechanic's Lien law does not lose possession of the property involved. The owner retains ownership and possession of his property subject only to the encumbrance of the lien.

A case in point, affirmed by the Supreme Court of the United States by a memorandum opinion, is *Speilman-Ford, Inc. v. Hanson's, Inc.*, 379 F. Supp. 997 (D. Ariz. 1973) (three-judge court), *aff'd mem.*, 417 U.S. 901, 94 S. Ct. 2596, 41 L. Ed. 2d 208 (1974). In that case, the court dealt with the Arizona law which is quite similar to Virginia's. Arizona's statute like Virginia's requires the bringing of a suit within six months after filing the lien. The court held that the procedure for filing and perfecting a mechanic's lien under the Arizona law does not cause the deprivation of a significant property interest and that the effect thereof is *de minimis* and not within the scope of the Fourteenth Amendment. *See also, Cook v. Carlson*, 364 F. Supp. 24 (D. S.D. 1973).

The court is of the opinion that there has been no deprivation of a property interest in the case at bar as contemplated by either the Fourteenth Amendment to the Federal Constitution or Article I, Section 11, of the Constitution of Virginia. The deprivation, if any, is so slight as to be *de minimis*.

Assuming, however, that the filing of a memorandum operated to *deprive* the owner of his property, has there been a denial of "due process"? The court is of the opinion that there has been no denial of due process.

Due process requires that there be notice and an opportunity to be heard. Under the Virginia law, the lienor must file his bill to enforce

the lien within six months of filing his memorandum of lien (Va. Code § 43–22) or his lien is lost. Moreover, Va. Code § 43–17.1 affords the owner the opportunity of testing the validity of the lien at an earlier time.

The court is aware that the Connecticut and Maryland Supreme Courts have declared the Mechanic's Lien laws of their respective states unconstitutional as being violative of due process.[2] But the statutes tested by those courts were quite different from the Virginia statute. While the Virginia law requires the bringing of a suit within six months of the filing of the lien, the Connecticut statute allows four years and the Maryland law requires a suit to be brought within one year after the lien is filed and allows 180 days for the filing of the lien.

As previously noted, the procedural requirements of the Arizona statute are quite similar to those in Virginia, and the Arizona law has passed Federal Constitutional muster. *Spielman-Ford, Inc. v. Hanson's, Inc., supra,* 379 F. Supp. 997, *aff'd mem.,* 417 U.S. 901, 94 S. Ct. 2596, 41 L. Ed. 2d 208 (1974).

The Virginia Mechanic's Lien law has existed for more than a century. Its purpose has been to protect persons who perform labor and furnish materials for the construction of buildings by making them preferred creditors. Acts of the legislature are presumed to be valid and constitutional. *City of Emporia v. County of Greensville,* 213 Va. 16, 189 S.E.2d 341 (1972). And this is particularly true where, as here, the statute has been relied upon and applied for a long period of time free from any constitutional questioning.

> Where it appears that courts . . . have gone on uninterruptedly for many years to exercise jurisdiction under a statute, and that during all that time, there has been no doubt entertained nor question raised as to the constitutionality of the law, when all this has been done in the presence of an able and inquisitive bar, *a strong presumption is raised that the attack has not been made upon the constitutionality of the law because, in the judgment of the courts and of the profession, no such ground of objection existed.* (Emphasis supplied.) *Brown v. Epps,* 91 Va. 726, 21 S.E. 119 (1895).

---

[2] *Roundhouse Construction Corp. v. Telsco Masons Supplies Company, Inc.,* 36 Conn. L.J. 43–1 (April 22, 1975); *Barry Properties, Inc. v. Fick Brothers Roofing Co.,* 277 Md. 15 (1976.)

In *Jackman v. Rosenbaum Co.*, 260 U.S. 22, 31, 67 L. Ed. 107, 112, 43 S. Ct. 9 (1922), Mr. Justice Holmes said:

> The Fourteenth Amendment, itself a historical product, did not destroy history for the States and substitute mechanical compartments of law all exactly alike. If a thing has been practiced for two hundred years by common consent, it will need a strong case for the Fourteenth Amendment to affect it, as is well illustrated by *Ownbey v. Morgan*, 256 U.S. 94, 104, 112 (65 L. Ed. 837, 843, 846, 41 S. Ct. 433, 17 A.L.R. 873) (1921).

The ground of First Mortgage's demurrer which attacks the constitutionality of the Virginia Mechanic's Lien Statute is therefore overruled.