No. 13285

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

CLARICE L. BUSTELL,

                     Plaintiff and Respondent,

   -vs-

WILLIAM B. BUSTELL and SHIRLEY A. BUSTELL,

                     Defendants.

   and

SHIRLEY A. BUSTELL,

                     Counterclaimant and Appellant,

   -vs-

CLARICE L. BUSTELL,

                     Counterclaimant Defendant and Respondent.

   and

SHIRLEY A. BUSTELL,

                     Cross-Claimant and Appellant,

   -vs-

WILLIAM B. BUSTELL,

                     Cross Defendant.

---

Appeal from: District Court of the Thirteenth Judicial District, Honorable Robert Wilson, Judge presiding.

Counsel of Record:

   For Appellant:

      Gary E. Wilcox argued and Terry L. Seiffert argued, Billings, Montana

   For Respondent:

      William G. Mouat argued, Billings, Montana
      Davidson, Veeder, Baugh and Broeder, Billings, Montana

---

Submitted: September 8, 1976

Decided: SEP 28 1976

Filed: SEP 28 1976

*Thomas J. Kearney*
                             Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

The question in this case is whether the Montana attachment statutes, insofar as they permit the prejudgment attachment of real estate without prior notice and hearing, violate the due process clause of the Fourteenth Amendment to the United States Constitution. The district court held them constitutional. We affirm.

On September 5, 1974, plaintiff Clarice L. Bustell commenced an action against defendants William B. Bustell and Shirley A. Bustell in the district court of Yellowstone County, to collect an overdue and unpaid promissory note for $8,000, interest and attorney fees. Plaintiff is the mother of defendant William B. Bustell who was divorced from the other defendant, Shirley A. Bustell, on August 14, 1974.

On the date the complaint was filed a summons was issued which was served on one of the defendants on the same day and on the other defendant five days later. On the day suit was filed, plaintiff also filed her affidavit for attachment stating in substance that defendants were indebted to plaintiff in the sum of $8,000 over and above all legal counterclaims on the promissory note in question; that said amount is now due; that payment is not secured by any mortgage or lien on real or personal property or pledge of personal property; and that the action is not prosecuted to hinder, delay, or defraud any creditors of the defendants. At the same time plaintiff filed an undertaking on attachment in the amount of $10,580.50 signed by two sureties whereby they guaranteed payment by plaintiff of all damages and costs in the

event that defendants recovered judgment or the court finally decided that plaintiff was not entitled to an attachment.

On this basis, the clerk of court issued a writ of attachment on the day suit was filed. On September 11, the sheriff attached the interest of defendant Shirley Bustell in a home owned by defendants by filing a copy of the writ of attachment and notice of attachment with the county clerk and recorder. No notice was given to defendants prior to the attachment nor were they afforded an opportunity to be heard prior to issuance or levy of the writ of attachment.

On November 20, 1974 defendant Shirley Bustell filed a counterclaim against plaintiff alleging that the attachment of her real estate was unconstitutional on the basis of Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337, 89 S.Ct. 1820, 23 L ed 2d 349 (1969), and its progeny. Plaintiff admitted the real estate was attached pursuant to Montana attachment statutes and that such attachment constituted a lien against the real estate under Montana law.

Defendant Shirley Bustell filed a motion for summary judgment on the issue of liability which was denied by the district court, Hon. Robert H. Wilson, district judge, on December 19, 1975, on the basis that Montana statutory procedures on attachment effect a constitutional accommodation of the conflicting interests of the parties and therefore procedural due process has been satisfied. Subsequently, the district court granted summary judgment to plaintiff Clarice L. Bustell striking the counterclaim of defendant Shirley Bustell.

Defendant Shirley Bustell now appeals from both orders.

In recent years the United States Supreme Court has handed down a number of decisions on the broad question of the Fourteenth Amendment procedural due process requirements relating to various types of attachments, garnishments, and replevin under a variety of different state laws. The principal decisions in chronological order are Sniadach v. Family Finance Corp. of Bay View, supra, 1969 [garnishment of wages under Wisconsin statutory garnishment procedures]; Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L ed 2d 556 (1972) [replevin of merchandise under defaulted installment sales contract under Florida laws]; Mitchell v. W. T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L ed 2d 406 (1974) [sequestration of merchandise under defaulted installment sales contract under Louisiana law]; and North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601,618, 95 S.Ct. 719, 42 L ed 2d 751, 764 (1975) [garnishment of bank account under Georgia pre-judgment garnishment statutes]. Confusion abounds due to their inconsistent analyses of different state procedures in differing factual settings.

Mr. Justice Blackmun commented on the weakness and confusion of the United States Supreme Court's position in recent cases in this language in North Georgia Finishing, Inc. v. Di-Chem, Inc., supra:

> "The admonition of the Great Chief Justice, in my view,
> should override any natural, and perhaps understandable,
> eagerness to decide. Had we bowed to that wisdom when
> Fuentes was before us, and waited a brief time for re-
> argument before a full Court, whatever its decision might
> have been, I venture to suggest that we would not be immersed
> in confusion, with Fuentes one way, Mitchell another, and
> now this case decided in a manner that leaves counsel and
> the commercial communities in other States uncertain as to
> whether their own established and long-accepted statutes pass
> constitutional muster with a wavering tribunal off in

Washington, D.C. This Court surely fails in its
intended purpose when confusing results of this
kind are forthcoming and are imposed upon those who
owe and those who lend."

Also see: The Supreme Court's Changing Attitude Toward Consumer
Protection and Its Impact on Montana Prejudgment Remedies. Prof.
John T. McDermott, 36 Mont. Law Review 165; The Supreme Court's
Still Changing Attitude Toward Consumer Protection and Its Impact
on the Integrity of the Court. Prof. McDermott, 37 Mont. Law
Review 27.

In this uncertainty we rely principally on two decisions
of the federal courts to determine the issue in the instant case.

The federal appeals court for the Ninth Circuit has held
that where no property other than real estate was attached under
a Washington prejudgment attachment statute and at no time did
issuance or execution of the writ of attachment deprive defendant
of ownership, actual use or physical possession of the attached
property, there was no substantial taking of property within the
protection of the due process clause of the Fourteenth Amendment.
Matter of Northwest Homes of Chehalis, Inc. v. Weyerhaeuser
Company, 526 F.2d 505, cert. den. March 29, 1976. Thus the Washing-
ton prejudgment statute as applied did not violate procedural
due process under the Fourteenth Amendment.

The second case on which we rely is Spielman-Fond, Inc. v.
Hanson's, Inc., 379 F.Supp. 997,999, aff'd 417 U.S. 901, 94 S.Ct.
2596, 41 L ed 2d 208 (1974). There the court held that the
filing of a non-possessory mechanics' and materialmen's lien
against real property is not such a significant taking of a
property interest that prior notice and an opportunity to challenge
the lien in a prior hearing are required by the due process clause

of the Fourteenth Amendment. The court observed that "The liens do nothing more than impinge upon economic interests of the property owner." but do not deprive him of the use, possession or alienation of his property. This closely parallels the operation of our real estate attachment procedures.

Montana attachment statutes provide the owner with the remedy of an early hearing to discharge the attachment. Section 93-4329, R.C.M. 1947. The facts of this case present a situation where postponement of notice and hearing until after attachment does not offend procedural due process.

We are aware of other cases that hold that non-possessory attachment of real estate without prior notice and hearing violate procedural due process guaranteed by the Fourteenth Amendment, e.g.see: Terranova v. AVCO Financial Service of Barre, Inc., 396 F.Supp. 1402; Gunter v. Merchants Warren National Bank, 360 F.Supp. 1085; United States General, Inc. v. Arndt, (D.C.,E.D.Wis.), unreported to date. These cases are not persuasive to us, resting on gauzy and theoretical bases having little relevance to present day realities. Additionally they are all decisions of United States District Courts, as opposed to the authorities on which we have relied, viz: the United States Supreme Court and the United States Court of Appeals.

For the reasons and under the authorities previously set forth, the orders of the district court are affirmed.

_____
Justice

- 6 -

We Concur:

_James T. Harrison_
Chief Justice

_John Conway Harrison_

_Wesley Castles_
Justices

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 13285

CLARICE L. BUSTELL,

     Plaintiff and Respondent,

vs.

WILLIAM B. BUSTELL and SHIRLEY A. BUSTELL,

     Defendants.

and

SHIRLEY A. BUSTELL,

     Counterclaimant and Appellant,

vs.

CLARICE L. BUSTELL,

     Counterclaimant Defendant and Respondent.

and

SHIRLEY A. BUSTELL,

     Cross-Claimant and Appellant,

vs.

WILLIAM B. BUSTELL,

     Cross Defendant.

FILED

NOV 10 1976

Thomas J. Kearney

CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER AMENDING OPINION

The following amendment of the above named opinion decided September 28, 1976, is hereby ordered:

(1) On page 3, line 6, strike the word "defendants" and substitute the word "her".

(2) On page 6, following line 5, add the following new paragraph:

> "Also see Hutchinson v. Bank of North Carolina, 392 F.Supp. 888 )1975), holding that although the attachment of real property is a substantial deprivation of a significant property interest subject to the protection of the due process

- 1 -

clause, North Carolina's prejudgment attachment statutes do not violate procedural due process requirements."

As so amended, the petition for rehearing is denied.

_____
Chief Justice