(December 26, 1892.)

# WHITE ET AL. v. MULLINS ET AL.

[31 Pac. 801.]

NOTICE OF MECHANIC'S LIEN—WHAT MUST BE STATED.—1. A notice of mechanic's lien which fails to state unequivocally and plainly the name of the owner, or reputed owner, or the terms, time and conditions of the contract under which the labor was performed, is fatally defective.

SAME—STATUTE CONSTRUED.—2. A statement at the head of the notice of W. and M., subcontractors, against B., contractor, and M., owner, is not a compliance with the requirements of the statute, requiring that the name of the owner or reputed owner should be stated in the lien.

(Syllabus by the court.)

APPEAL from District Court, Logan County.

H. S. Hampton, for Appellants.

The notice or claim of lien being made a part of the complaint, its sufficiency is properly tested by demurrer. (*Minor v. Marshall*, 6 N. Mex. 194, 27 Pac. 481.) The notice is insufficient, in that it does not state the name of the owner or reputed owner of the ditch, or that the owner is unknown.

(*Hooper v. Flood,* 54 Cal. 218; *Phelps v. Mining Co.,* 49 Cal. 336; *Malter v. Mining Co.,* 18 Nev. 209, 2 Pac. 50.) It does not state the name of the person by whom plaintiffs were employed. (*Waren v. Quade,* 3 Wash. 750, 29 Pac. 827.) It does not state the time, terms given or conditions of the contract. (*Hooper v. Flood,* 54 Cal. 218.) A direct and unequivocal averment in any material particular must be made before any evidence can be introduced to support it. (*Malter v. Mining Co.,* 18 Nev. 209, 2 Pac. 50.)

V. Bierbower, for Respondents.

A lien notice is sufficiently definite which fairly apprises the owner of what he is charged with, what kind of material and what the same was furnished for. (*Manufacturing Co. v. Kennedy,* 4 Wash. 305, 30 Pac. 79.) A substantial compliance with the statute regarding the contents of a claim of mechanic's lien is all that is necessary to its validity. (*Giant Powder Co. v. San Diego Flume Co.,* 88 Cal. 20, 25 Pac. 976; *Mill Co. v. Garrettson,* 87 Cal. 589, 25 Pac. 747.) A claim of lien for materials furnished or labor performed need not state that the building was completed. (*Harmon v. Ashmead,* 68 Cal. 321, 9 Pac. 183.)

HUSTON, J.—This is an action brought by the plaintiffs to foreclose a mechanic's lien. The case was tried in the district court before a jury. Verdict and judgment for plaintiffs, from which appeal is taken to this court. The record shows a bill of exceptions, wherein are presented various exceptions to the sufficiency and competency of evidence, and to the sufficiency of the evidence to support the special findings of the jury. The defendants filed a demurrer to the complaint of plaintiffs, alleging insufficiency of facts to constitute a cause of action, and ambiguity, etc. This demurrer was overruled by the court, and defendants filed answer.

The first error assigned by defendants is that the notice of lien filed by plaintiffs, and which is attached to and made a part of their complaint, is sufficient, under the statute. The notice of lien is as follows:

"State of Idaho, ⎰ ss.
County of Logan. ⎱

"White and Mallison, Subcontractors and Claimants, v. R. J. Bledsoe, Contractor, and B. G. Mullins, Owner. Notice is hereby given, to all whom it may concern, that we, as subcontractors do hereby file a lien with the county recorder of Logan county, state of Idaho, and that it is our intention thereby to claim and hold a lien upon a certain ditch hereinafter described, under and by virtue of the laws and the provisions of the statutes of the state of Idaho, for such cases made and provided, to secure to us the payment of the sum of $174.70 for work and labor done and performed by us upon that certain ditch located in the precinct of Bliss, in the county of Logan, state of Idaho, and known as the 'Mullins Ditch,' starting from a point on the Malad river, in said precinct of Bliss, in said county of Logan, and state of Idaho, about one mile above the residence of S. C. Frost, and thence running in a westerly direction toward Bliss station, on the O. S. L. Railway, for a distance of six miles; that said labor was performed on divers days and times between September 20, 1890, and October 28, 1890, at the instance of R. J. Bledsoe, the contractor; that a full, true and correct statement of the sum due us from the said contractor is $174.70; that claimants performed said labor at the request of the contractor, R. J. Bledsoe; that thirty days have not elapsed since the last of said work and labor was done; and that it is our intention to claim and hold a lien against said ditch, or so much thereof as may be necessary, for the security of said amount above mentioned. Witness our hand hereunto set, this twenty-second day of November, 1890.

"WHITE & MALLISON.

"State of Idaho, ⎰ ss.
County of Logan. ⎱

"J. S. White, being first duly sworn, says that he is one of the above-named firm, that he has read the foregoing lien, and that the same is true of his own knowledge.

"J. S. WHITE.

"Subscribed and sworn to before me this twenty-second day of November, 1890.

"W. C. HILL,

"Justice of the Peace, Logan county, Idaho.

"Filed February 21, 1891."

Section 5130 of the Revised Statutes of Idaho is as follows: "Every original contractor, within sixty days after the completion of his contract, and every person, save the original contractor, claiming the benefit of this chapter, must, within thirty days after the completion of any building, improvement or structure, or after the completion of the alteration or repair thereof, or the performance of any labor in a mining claim, file for record with the county recorder of the county in which such property, or some part thereof, is situated, a claim containing a statement of his demand, after deducting all just credits and offsets, with the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed, or to whom he furnished the material, with a statement of the terms, time given and conditions of his contract, and also a description of the property to be charged with the lien, sufficient for identification, which claim must be verified by the oath of himself or some other person." Under a statute almost identical with that of Idaho, the supreme court of Nevada, in *Malter v. Mining Co.,* 18 Nev. 209, 2 Pac. 50, held that, while the statute should be liberally construed, every material requirement should be complied with, and that, where a direct and unequivocal allegation of the name of the owner is wanting in the notice of the lien, such notice is radically defective, and no lien can be founded thereon. It can hardly be claimed that the *descriptio personae* at the head of the notice, to wit, "White and Mallison, Subcontractors and Plaintiffs, v. R. J. Bledsoe, Contractor, and B. G. Mullins, Owner," is a direct and unequivocal allegation of the name of the owner. There is not even an attempt to state in the notice the "terms, time given and conditions" of the contract. In *Hooper v. Flood,* 54 Cal. 218, it is held that "an omission to state in the claim the terms, time given and conditions of the contract under which the work is done or the material furnished, is fatal." In *Bradbury v. Improvement Co.,* 2 Idaho, 239, 10

Pac. 620, the supreme court of Idaho held that "the mechanic's lien law must be strictly construed." It is unnecessary to consider further the errors presented, as those already referred to are decisive of the case. The demurrer of defendants to the complaint should have been sustained. The judgment of the district court is reversed, and judgment for defendants ordered to be entered, with costs to appellants.

Sullivan, C. J., and Morgan, J., concur.