In the Matter of Thomas J. JACOBSON and Bonnie B. Jacobson, dba J.E. Mariner—Jackson Enterprises, Debtors.

Teresa KLOOS, Trustee, Plaintiff,

v.

Thomas J. JACOBSON and Bonnie B. Jacobson, Debtors; Evans Financial Corp., a corporation; First Interstate Bank of Idaho, N.A.; Elkhorn Property Owner's Association, Inc., a nonprofit corporation; Anderson Lumber Co., a corporation; Edwards, Howard & Martens, a partnership; Thomas Perry and Dennis Williams dba Total Electric; Bill Flanagan; Sawtooth Door Co., a corporation; Blake Barrymore and Dave Stanley, a partnership; Lars C. Hanson; Lee W. Gehrke; H. Michael Levy; David A. Woodham; Donald A. Newman; Scott J. Redd; Jayme C. Johnson; Jim Redman; Barclay Barnett; Jeff Monro; Russell Holloway; Allan Brooks dba Brooks Welding; Dan R. Edgerly; R. Mark Parham; Phil Poynter Custom Masonry & Supply; Gene Lanctot; Christopher Filer; Robert D. Lutz dba Lutz Rentals; Michael Cullen dba Cullen Title Company; Decker Hardwood Lumber, Inc., a corporation; Wood River Rubbish Company, Inc., a corporation; and State of Idaho, Defendants.

Adv. No. 83–0135.

United States Bankruptcy Court, D. Idaho.

June 24, 1983.

Jim D. Pappas, Green, Service, Gasser & Kerl, Pocatello, Idaho, for plaintiff.

Breck H. Barton, Rigby, Thatcher, Andrus, Barton & Walters, Chartered, Rexburg, Idaho, for defendant Evans Financial Corp.

Bruce Collier, Mark Russell, Ann Legg, and Willis B. Benjamin, Kneeland, Laggis, Korb, Collier, Benjamin & Russell, Ketchum, Idaho, for defendants Elkhorn Property Owners Ass'n, Bill Flanagan, Allan Brooks dba Brooks Welding and Robert D. Lutz dba Lutz Rentals.

Franklin N. Smith, Jr., Albaugh, Smith, Pike, Smith & Anderson, Idaho Falls, Idaho, for defendant Anderson Lumber Co.

Roger E. Crist, Ketchum, Idaho, for defendants Thomas Perry and Dennis Williams dba Total Elec., Lee W. Gehrke, H. Michael Levy, David A. Woodham, Donald A. Newman, Scott J. Redd, Jayme C. Johnson, Jim Redman, Barclay Barnett, Jeff Monro, R. Mark Parham and Christopher Filer.

Michael H. Felton, Hepworth, Nungester & Felton, Buhl, Idaho, for defendant Sawtooth Door Co.

Barry J. Luboviski and Robert I. Fallowfield, Luboviski, Wygle & Fallowfield, Ketc-

hum, Idaho, for defendants Blake Barrymore and Dave Stanley, a partnership, and Michael Cullen dba Cullen Tile Co.

Jerry W. Korn, Coughlan, Coughlan & Korn, Boise, Idaho, for defendant Dan R. Edgerly.

J. Stephen Crabtree, Kennedy, DuPont & Crabtree, Ketchum, Idaho, for defendant Phil Poynter Custom Masonry & Supply.

## MEMORANDUM DECISION

M.S. YOUNG, Bankruptcy Judge.

This matter is before the court following trial. Plaintiff trustee in her first count seeks authorization to sell real property pursuant to 11 U.S.C. § 363 free and clear of liens and other interests with any valid liens to attach to the proceeds of sale. All defendants have either consented to such action or are in default.

Plaintiff has also attacked a number of mechanics' and materialmens' liens claimed on property of the estate under Title 45, Chapter 5 of the Idaho Code. Other interests claimed in the property have also been attacked by the trustee as preferential or post-petition transfers avoidable under the Bankruptcy Code.

All defendants appearing at trial have conceded the accuracy of an "index" prepared by plaintiff which consists of photocopies of the various defendants' mortgages, liens, or other claimed interests. There are no fact issues raised in regard to any appearing defendant. Based upon this record, and the briefs of counsel, I reach the following conclusions. By appendix, I have stated my ultimate conclusion in regard to plaintiff's contentions as to each defendant.

The primary contention of plaintiff is that all the mechanics' and materialmens' liens claimed under the above noted title of the Idaho Code are invalid and avoidable by the trustee under 11 U.S.C. § 544(a), or are claims unenforceable against the debtor under 11 U.S.C. § 502(b)(1), on the ground that such liens violate due process guarantees of the Idaho and United States Constitutions.[1] In addition, plaintiff has asserted

---

1. U.S. Constitution, 14th Amendment, Section 1; Idaho Constitution, Article 1, Section 13.

The Idaho Supreme Court has not utilized an independent analysis of the Idaho due process

a number of other grounds for holding various liens invalid as a result of noncompliance with the statutory provisions for recordation of such liens.

Plaintiff, in support of finding that due process is violated by the Idaho statute, relies upon *Sniadach* and progeny.[2] See also Wonderlich, "Are Due Process Requirements Met Under Idaho's Mechanics' and Materialmens' Lien Statute?", 15 Idaho Law Review 115 (1978). However, I conclude that as an adjunct to the U.S. District Court within the Ninth Circuit, I am governed by the following cases.

In *Spielman-Fond, Inc. v. Hanson's, Inc.,* 379 F.Supp. 997 (D.Ariz.1973), a three-judge district court held that the impairment of a property owner's right to free alienation of property which occurs upon the filing of a mechanics' lien is not the taking of a significant property interest protected under the 14th Amendment as interpreted by the U.S. Supreme Court. This was the sole issue determined and the sole conclusion reached by that court. *Spielman-Fond* was summarily affirmed on appeal by the U.S. Supreme Court.[3]

■ Plaintiff asserts correctly that a summary affirmance is an affirmance of the judgment of the lower court but not necessarily its reasoning, and that such action does not renounce earlier Supreme Court holdings. However, inferior federal courts are not at liberty to disregard the fact that an affirmance has occurred, and is on the merits. See *Hicks v. Miranda,* 422 U.S. 332, 343–5, 95 S.Ct. 2281, 2289–2290, 45 L.Ed.2d 223 (1975). The Court of Appeals for the Ninth Circuit has recognized the binding effect of the *Spielman-Fond* affirmance in *In the Matter of Northwest Homes of Chehalis, Inc.,* 526 F.2d 505 (9th Cir.1975), *cert. den. sub nom. Hansen v. Weyerhaeuser Co.,* 425 U.S. 907, 96 S.Ct. 1501, 47 L.Ed.2d 758 (1975). In that case, the Washington state attachment statute was held constitutional based upon the fact that the limited deprivation of real property interests due to such attachments was equivalent to that caused by the filing of mechanics' liens and that, based upon *Spielman-Fond,* that deprivation was not constitutionally cognizable. The conclusion reached by that court is that the summary affirmance of the Supreme Court has binding effect upon the federal courts when considering the issue of whether the "taking" of property due to the filing for record of statutory liens is significant enough to rise to constitutional proportions. See also the discussion in *Chrysler Corp. v. Fedders Corp.,* 670 F.2d 1316, 1322–25 (3d Cir.1982). This conclusion of the Ninth Circuit Court of Appeals governs the issue presented herein and binds this court.

■ I therefore conclude, under the Supreme Court's ruling in *Spielman-Fond* and the Ninth Circuit's reliance thereon in *Northwest Homes,* that the filing of a lien under the Idaho mechanics' and materialmens' lien statute is not a violation of due process since there is no taking of a significant property interest. None of the defendants' liens, therefore, are invalid on this ground.

Plaintiff has, as noted above, asserted a number of other grounds why certain of the liens should be avoided or declared invalid. The contention of plaintiff which affects the largest number of the liens is that claims of liens filed under Title 45, Chapter 5 of the Idaho Code must be acknowledged in accord with I.C. 55–805 before they are

clause but has rather used federal standards. See, e.g., *Massey-Ferguson Credit Corp. v. Peterson,* 96 Idaho 94, 524 P.2d 1066 (1974). See also *Jones v. State Board of Medicine,* 97 Idaho 859, 865, 555 P.2d 399 (1976) ("... we deem the differences between the standard applied under Idaho's due process clause and the standard applied under the federal due process clause to be negligible.")

**2.** *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969);

*Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975).

**3.** *Spielman-Fond, Inc. v. Hanson's, Inc., aff. mem.* 417 U.S. 901, 94 S.Ct. 2596, 41 L.Ed.2d 208 (1974).

entitled to be recorded, and thus enforceable against a trustee under I.C. 55–812 and 11 U.S.C. § 544. I.C. 55–805 states:

"*Acknowledgement necessary to authorize recording.—Before an instrument may be recorded, unless it is otherwise expressly provided, its execution must be acknowledged by the person executing it,* or if executed by a corporation, by its president or vice-president, or secretary or assistant secretary, or other person executing the same on behalf of the corporation, or if executed in name of the state of Idaho or any county, political subdivision, municipal, quasi-municipal, or public corporation, by one (1) or more of the officers of such state, county, political subdivision, municipal, quasi-municipal, or public corporation executing the same, or if executed in a partnership name, by one (1) or more of the partners who subscribed the partnership name thereto, or the execution must be proved and the acknowledgment or proof, certified in the manner prescribed by chapter 7 of this title; provided, that if such instrument shall have been executed and acknowledged in any other state or territory of the United States, or in any foreign country, according to the laws of the state, territory or country wherein such acknowledgment was taken, the same shall be entitled to record, and a certificate of acknowledgment endorsed upon or attached to any such instrument purporting to have been made in any such state, territory or foreign country, shall be prima facie sufficient to entitle the same to such record." [Emphasis added]

Although § 45–507 governing the filing of a claim of lien does not itself require an acknowledgment as a condition precedent to filing, the omission of such a requirement does not constitute an "express" exception to the requirements of § 55–805, which is clear and unambiguous.

■ Defendants assert that "verification" under § 45–507 and "acknowledgment" serve the same purpose or function. This is not the case; a verification is a sworn statement of the claimant that the claim is "just" while the requirement of acknowledgment provides a sworn statement of a public official, usually a notary public, that the identity of the party and the fact of execution have been proven to him. It is true, as defendants uniformly assert, that the Idaho Supreme Court has declared that the lien statutes are to be liberally construed in favor of the claimants in order to effect the purpose of the statute to protect persons who by labor or supplying of materials have improved the property of another. See, e.g., *Pierson v. Sewell,* 97 Idaho 38, 539 P.2d 590 (1975). However, I conclude liberal construction of Title 45 cannot eliminate an express and unequivocal requirement of Title 55 Idaho Code. These claims of lien encumber the property and cloud the title thereto. The policy function served by acknowledgment of instruments affecting real property, such as deeds and mortgages, is the same with regard to such statutory liens. With no definitive ruling by the Idaho Supreme Court on this question [4], it appears that the Idaho Legislature has unequivocally spoken. Until the statute is amended, the requirement of acknowledgment appears absolute.

■ I therefore conclude that acknowledgment is required and those liens herein not acknowledged, or acknowledged but where the certificate of acknowledgment does not substantially comply with Title 55, Chapter 7, Idaho Code,[5] are avoidable by plaintiff. My conclusions in regard to each

---

**4.** I am aware that a mechanics' lien containing a jurat but no acknowledgment was set forth in *Layrite Products Co. v. Lux,* 86 Idaho 477, 388 P.2d 105 (1964), and that the Idaho Supreme Court stated the "lien meets the statutory requirements". However, I read this statement as referring to the requirements of § 45–507; the issue of acknowledgment was not presented to the court or addressed. I feel no binding ruling can be extracted from the case. No other Idaho case has been provided this court on the issue.

**5.** See I.C. 55–709; *In re Ferdig,* 81 IBCR 55 (BC D.Id.1981); *Anderson Land Co. v. Big River Grain, Inc.,* (Memorandum Decision and Order), No. 81–0223 (D.Id. March 8, 1983), *reversing* 82 IBCR 161 (BC D.Id.1982).

such lien are set forth in the appendix hereto.

Due to the conclusion reached immediately above, plaintiff's arguments in regard to the failure of various liens to contain verification, to name the owner or reputed owner in the body of the claim as well as the caption [6], and so on, need not be addressed.

Plaintiff has raised arguments in regard to liens or other interets not encompassed within the above rulings, to wit, that a lien of the Elkhorn Property Owners Association is invalid as being recorded post-petition, that the recording of a judgment by Decker Hardwood constitutes a preference under § 547(b) of the Code, and that the recording of a judgment by Sawtooth Door similarly constitutes a preferential transfer.

■ The record indicates that the judgments of Sawtooth Door and Decker Hardwood were recorded on July 7, 1982 and August 3, 1982 respectively.[7] Trustee has established a prima facie case under the elements of § 547(b) and this showing is unrebutted by these defendants.[8] The liens created by recordation of these judgments are therefore avoidable.

■ Plaintiff seeks to avoid the "special assessment lien" of the Elkhorn Property Owners Association recorded on November 11, 1982, one month subsequent to the petition for relief. No defense to this action under § 544(a) of the Code has been shown. It appears, however, that an "assessment lien" recorded by this defendant on June 10, 1982 is not attacked by plaintiff and is not subject to avoidance in this action even though the latter lien is avoidable. As is true in regard to the other liens avoided herein, plaintiff is entitled to preservation of those liens' position for the benefit of the estate under § 550.

Plaintiff does not contest the validity of the interests of defendants Jacobson, State of Idaho, First Interstate Bank or Evans Financial Corporation.

The foregoing is adopted as findings of fact and conclusions of law. Plaintiff may submit a judgment in accord with the foregoing and the appendix hereto.

### APPENDIX

Thomas J. and Bonnie B. Jacobson No cause of action asserted. Defendants in default.

Evans Financial Corp. Deed of trust recorded May 5, 1981. No cause of action asserted by plaintiff.

First Interstate Bank Deed of trust recorded April 26, 1982. No cause of action asserted by plaintiff. Defendant presently in default.

Elkhorn Property Owners Assn. Assessment lien recorded June 10, 1982 not attacked by plaintiff. Special assessment lien recorded November 1, 1982 avoidable under 11 USC 544(a).

Anderson Lumber Co. Claim of mechanics' lien recorded April 6, 1982 attacked by plaintiff for lack of acknowledgment. Lien contains no acknowledgment and is avoidable under § 544(a).

Edwards, Howard & Martens Claim of mechanics lien recorded March 9, 1982 attacked by plaintiff for late filing (after 90 days of ending services), lack of verification, failure to bring suit within 6 months, and lack of acknowledgment. Defendants presently in default.

Thomas Perry & Dennis Williams (Total Electric) Mechanics' lien recorded March 17, 1982 attacked for lack of acknowledgment. Lien contains jurat only and avoidable under § 544(a).

Bill Flanagan Mechanics' lien recorded March 26, 1982 attacked for lack of acknowledgment and contains jurat only; lien avoidable under § 544(a).

Sawtooth Door Co. Claim of mechanics lien recorded April 5, 1982 attacked for lack of verification and lack of acknowledgment. The acknowledgment does not substantially comply with the Idaho

---

**6.** *White v. Mullins,* 3 Idaho 434, 31 P. 801 (1892).

**7.** The judgment of Decker Hardwood was apparently re-recorded on August 9, 1982.

**8.** Decker Hardwood has not answered and is in default.

Code and claim not verified and lien avoidable under § 544(a). Default judgment recorded July 7, 1982 attacked as a preferential transfer with 90 days of the October 5, 1982 petition. Elements of § 547 met and judgment avoided.

Blake Barrymore and Dave Stanley  Claim of mechanics' lien recorded April 6, 1982 attacked for lack of acknowledgment. Only jurat exists and it is confused and combined with verification. Lien avoidable under § 544(a).

Lars C. Hanson  Claim of mechanics' lien recorded April 8, 1982 attacked for lack of acknowledgment. Only jurat exists and it is confused and combined with verification. Lien avoidable. Defendant is in default.

Lee W. Gehrke  Claim of mechanics' lien recorded April 9, 1982 attacked for lack of acknowledgment and failure to name owner in body of claim. Only jurat exists and lien avoidable under § 544(a).

H. Michael Levy  Claim of mechanics' lien recorded April 9, 1982 attacked for lack of acknowledgment and failure to name owner in body of claim. Only jurat exists and lien avoidable under § 544(a).

David A. Woodham  Claim of mechanics' lien recorded April 9, 1982 attacked for lack of acknowledgment and failure to name owner in body of claim. Only jurat exists and lien avoidable under § 544(a).

Donald A. Newman  Claim of mechanics' lien recorded April 9, 1982 attacked for lack of acknowledgment and failure to name owner in body of claim. Only jurat exists and lien avoidable under § 544(a).

Scott J. Redd  Claim of mechanics' lien recorded April 9, 1982 attacked for lack of acknowledgment and failure to name owner in body of claim. Only jurat exists and lien avoidable under § 544(a).

Jayme C. Johnson  Claim of mechanics' lien recorded April 12, 1982 attacked for lack of acknowledgment and failure to name owner in body of claim. Only jurat exists and lien avoidable under § 544(a).

Jim Redman  Claim of mechanics' lien recorded April 12, 1982 attacked for lack of acknowledgment and failure to name owner in body of claim. Only jurat exists and lien avoidable under § 544(a).

Barclay Barnett  Claim of mechanics' lien recorded April 12, 1982 attacked for lack of acknowledgment and failure to name owner in body of claim. Only jurat exists and lien avoidable under § 544(a).

Jeff Monro  Claim of mechanics' lien recorded April 13, 1982 attacked for lack of acknowledgment and failure to name owner in body of claim. Only jurat exists and lien avoidable under § 544(a).

Russell Holloway  Claim of mechanics' lien recorded April 14, 1982 attacked for lack of acknowledgment and failure to name owner in body of claim. Defendant in default.

Allen Brooks (Brook's Welding)  Claim of mechanics' lien recorded April 14, 1982 attacked for lack of acknowledgment. Only jurat exists and lien avoidable under § 544(a).

Dan R. Edgerly  Claim of mechanics' lien recorded April 15, 1982 attacked for lack of acknowledgment. Only jurat exists and lien avoidable under § 544(a).

R. Mark Parham  Claim of mechanics' lien recorded April 16, 1982 attacked for lack of acknowledgment. Only jurat exists and lien avoidable under § 544(a).

Phil Poynter Custom Masonry & Supply, Inc.  Claim of mechanics' lien recorded April 23, 1982 attacked solely on grounds of unconstitutionality of statute. Lien valid.

Gene Lanctot  Claim of mechanics' lien recorded May 7, 1982 attacked for lack of acknowledgment and failure to name owner in body of claim. Defendant in default.

Christopher Filer  Claim of mechanics' lien recorded May 11, 1982 attacked for lack

of acknowledgment and failure to name owner in body of claim. Only jurat exists and lien avoidable under § 544(a).

Robert D. Lutz (Lutz Rentals) Claim of mechanics' lien recorded May 13, 1982 attacked for lack of acknowledgment. Only jurat exists and lien avoidable under § 544(a).

Michael Cullen (Cullen Title Co.) Claim of mechanics' lien recorded April 12, 1982 attacked for lack of acknowledgment and for failure to verify. Only jurat exists and lien avoidable under § 544(a).

Decker Hardwood Lumber, Inc. Judgment recorded August 3, 1982 attacked as preferential transfer, as is re-recordation of same judgment on August 9, 1982. Defendant is in default.

Wood River Rubbish Co., Inc. Claim of mechanics' lien recorded August 2, 1982 attacked for lack of acknowledgment and failure to verify. Defendant is in default.

State of Idaho Tax lien is not challenged by plaintiff. The defendant is in default.